[No. 6131.]

PREDOVICH V. PREDOVICH.

1. Appeal from Justice — Docketing — Appellant may not, with the same bond, proceed partly under section 3846 and partly under section 3849, Rev. Stats. If the bond is approved by the justice, he must pay the docket fee within twenty days after such approval. The time is not to be extended by the subsequent acceptance and approval of the bond, by the clerk of the court. That the clerk at first rejects the bond, does not eliminate it from the case, so as to give effect to his subsequent acceptance and filing thereof.—(581)

2. Record — Conclusive Effect — The record of the county court declaring that a bond given in an appeal from a justice to that court was approved by the justice, is not to be contradicted by affidavit.—(581)

3. Appeals — Presumptions — When the files of the lower court are not in the transcript, it is presumed that the finding of that court as to the filing of a certain paper is true.—(581, 582)

*Error to Chaffee County Court*—Hon. JOSEPH NEWITT, Judge.

Mr. GEORGE D. WILLIAMS for plaintiff in error.

No appearance for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

A judgment against plaintiff in error was rendered in favor of defendant in error before a justice of the peace in Chaffee county November 8th, 1906, from which, on the same day, the former prayed an appeal to the county court and filed with the justice of the peace the prescribed bond, which was at once approved by the justice. Within the-ten days from date of judgment limited by statute, sec. 3846, Rev. Stats. 1908, the justice of the peace, to wit, on the 10th day of November, certified to and filed with the clerk of the county court the papers and the transcript of the judgment, as required by sec. 3848, but through oversight the appeal bond was not sent up. Two days later, November 12th, the justice of the peace transmitted to the county court this appeal bond, and the judge, who was the acting clerk, of the county court, declined to receive and file it, because he deemed it defective, and on that day he returned the bond to the justice of the peace, with verbal instructions to have it perfected. Upon its receipt by the justice, the latter took it to the attorney for plaintiff in error, advising him of what had previously taken place, and on the 13th of November, the attorney returned the bond to the judge, calling his attention to the law and pointing out that it was sufficient. Thereupon the bond was received by the county judge, as acting clerk, on the morning of that day, as good and sufficient, and though no approval was endorsed thereon, as is usual, by the clerk, and no order was entered of record, it is said that, by such acceptance and filing, the judge, as acting clerk, approved and filed the bond as of that date. These matters are all made to appear by an affidavit of the

attorney for plaintiff in error, which is brought up in the bill of exceptions. On December first, plaintiff in error paid the docket fee and the case was docketed. On December 5th defendant in error, appearing specially for that purpose, filed a motion to dismiss the appeal, and for a writ of procedendo to issue to the court of the justice of the peace, and the relief was granted. The motion was based upon the ground that appellant's docket fee was not paid within twenty days from the date of the approval of the bond.

Sec. 3846 requires an appellant, within twenty days from the date of the approval of his appeal bond, to pay to the clerk of the county court all fees necessary to have the cause docketed and placed on the calendar of the county court. One who desires to appeal may file the prescribed appeal bond with the justice of the peace, in which case the bond shall be approved by the justice; or he may file it in the office of the clerk of the county court of the proper county, in which event the bond must be approved by the clerk.—Sec. 3849.

From the foregoing statement, it is apparent that if the bond was approved by the justice of the peace on the 8th day of November, appellant was not within the prescribed period of twenty days with his docket fee, which was paid on December 1st. This court has repeatedly held that this is a reasonable time limit, and compliance with it is jurisdictional, and, if such fee is not so paid, the appeal must be dismissed on application of appellee. It is the contention, however, and is earnestly argued by plaintiff in error, that the appeal bond was not approved by the justice of the peace; that the acting clerk of the county court, in refusing to receive and file the bond in his court when it was first sent up by the justice of the peace on November 12th, eliminated it from

the case as an appeal bond, and his subsequent receipt and filing of the same instrument, which was theretofore approved by the justice of the peace, and filing it in the county court as of date of November 13th, in legal effect was an approval thereof by himself, as acting clerk of the county court, and, therefore, the payment of the docket fee upon the first day of the following December, being only eighteen days after such approval, was within the twenty-day limit.

While it is true that appellant may file his appeal bond and have it approved either in the court of the justice of the peace or in the county court, he may not, with the one bond, proceed partly under one section and partly under another of the pertinent statute. It may be that appellant might have entirely disregarded the steps he took to have the bond filed and approved before the justice of the peace, if within the twenty days he had filed another appeal bond in the county court and secured its approval by the clerk. It is entirely clear, however, that the action of the trial court in dismissing the appeal and issuing the procedendo was right, if, as matter of fact, the acting clerk did not, within ten days from the rendition of the judgment, approve his bond. Unfortunately for plaintiff in error here, the county court, in passing upon the motion to dismiss, made a finding that it appeared from the files and records of the county court in the case that the appeal bond therein—and it is the only bond we know of—was approved by the justice of the peace before whom the case was tried and judgment rendered. Necessarily, if the appeal bond was filed with the justice of the peace and approved by him November 8th, and not by the acting clerk of the county court, the decision was right, for the proper fees were not paid within twenty days thereafter. The files and records are not before us, and we must presume that they sustain

such finding. Besides, the record cannot be contradicted by affidavit. This conclusion in no wise militates against the truth of the statement of facts made in the affidavit of the attorney for plaintiff in error. Conceding that they are true, as evidently was done by the county court, the judge of that tribunal, who was also the acting clerk, certainly must have known, and his finding in effect so declares, that the only appeal bond that was presented, or that is in this case, was the one which was approved by the justice of the peace, and that he, as acting clerk of the court, did not purport to approve, and did not approve, the same. He must have found that, in filing the bond theretofore approved by the justice, he, as acting clerk, was not thereby approving a bond, but merely filing in the case a bond already approved by the justice, as he was required to do by sec. 3848.

*Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.