No. 16,021.

O'BRIEN *v.* THE PEOPLE.
(192 P. [2d] 428)

Decided April 5, 1948.

Mr. CHARLES A. MURDOCK, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, for the people.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THE sole question involved in this case is the validity of the appeal of plaintiff in error from a justice of the peace court to a county court. Plaintiff in error will hereinafter be designated as defendant.

In a justice of the peace court defendant was found guilty of careless driving of a motor vehicle upon a public highway, and fined fifteen dollars plus three dollars costs on September 30, 1947. He immediately arranged for an appeal to the county court and filed an appeal bond, which was approved by the justice on the same day and filed in county court together with the summons and transcript October 3, 1947. He paid no docket fee. October 6, 1947, being the first day of the October term, at three minutes after ten in the morning, the county court ordered a procedendo to issue because no docket fee had been paid to that court by defendant. October 9 defendant filed a second appeal bond in the county court, after it had been approved by the justice of the peace, together with a transcript of the proceedings in the justice court, and simultaneously paid the requisite docket fee of $7.50. The clerk gave the following qualified receipt: "This fee received subject to Court Ruling and is placed in registry pending said ruling."

January 12, 1948, the county court set the hearing on procedendo for January 26, 1948, and on the latter date entered the order which is brought here for review by writ of error. This order recites that on October 3, 1947, an appeal conforming to the statute was received by the clerk of the county court from the justice of the peace; that on October 6 the clerk informed the court that the docket fee as required by law had not been paid; that thereupon the court ordered the appeal dismissed and that procedendo issue; that a subsequent hearing was accorded the attorney for defendant, who questioned the propriety of the issuance of procedendo. In the meantime the justice of the peace, on October 9, returned the file of the case to the county court, with the prior appeal bond deleted and a new appeal bond substituted, together with a docket fee.

The court concluded its findings with the statement: "That the defendant by filing his appeal with this Court prior to the first day of the October 1947 Term thereof

and failing to pay the required docket fee at the said first day of the term failed to perfect his appeal as required by the prior mentioned Section of the Statute even though 10 days had not elapsed between the date of the trial in Justice Court and the first day of the October Term 1947 of this Court." Accordingly it was ordered that the appeal had not been perfected, and that the order for the issuance of procedendo be sustained.

The pertinent statute is section 165, chapter 96, '35 C.S.A., which reads as follows: "If any person convicted of any criminal offense, before any justice of the peace shall wish to appeal to the county court, he or she shall within ten (10) days from the day of such conviction, enter into a bond to the people of the state of Colorado in a penalty * * * conditioned for the payment of the * * * judgment * * * and for the defendant's appearance in said county court on the first day of the next term thereof * * *; which the said party appealing shall execute, with sufficient security to be approved by said justice of the peace, * * * , and thereupon the said justice of the peace shall * * * return all papers with a transcript of his trial docket in the case to said county court prior to the next succeeding term of said court, wherein the said cause may be tried as provided by law; provided, that if such appellant shall not pay the docket fee of five dollars required by said county court at the first day of said term thereof, then the said appeal shall be dismissed by said Court."

 Assuming that his first attempted appeal may have failed or been defective, defendant bases his case on the proposition that, nevertheless, he had the right to institute and complete another appeal within ten days from the date of conviction in the justice court, citing, *Freas v. Engelbrecht*, 3 Colo. 377; *Hax v. Leis*, 1 Colo. 187; various paragraphs in 4 C.J.S., pp. 106 to 109, inc.; and *Predovich v. Predovich*, 49 Colo. 578, 114 Pac. 304. The attorney general counters with our rule that the right of appeal exists only by statute, citing four

cases, the earliest of which is *Heiderer v. People,* 2 Colo. 672, the latest being *People v. Brown,* 87 Colo. 261, 286 Pac. 859. He then points out that all the cases upon which defendant relies relate to appeals in civil suits.

We are not inclined to draw a sharp line of demarcation between the cases cited by defendant and the instant one. The attorney general admits that, had defendant paid his docket fee on October 6, his appeal would have been perfected. This is another way of saying that the issuance of procedendo was premature; and its validity can be sustained only upon the happening or failure to happen of a subsequent event. It also appears that under the terms of the statute there was no duty on defendant to file his appeal bond immediately—any time within the ten-day period would have been sufficient. We are, therefore, asked to say that defendant's appeal procedure completed on October 9 was of no force and effect, not because it was intrinsically defective, but merely for the reason that defendant had, a few days earlier, failed to complete his first attempted appeal. He might well have been of the impression that the payment of his docket fee on October 6, after the county court's issuance of procedendo, would have been fruitless and that the proper procedure was to institute another appeal.

In *Mente & Co. v. Martin Rourke & Co.,* 8 La. App. (Orleans) 18, 19, the court said: "Whilst it is true that but one appeal can be allowed in a case, nevertheless so long as the appellant has not an opportunity to present the merits of his appeal he has in fact had no appeal at all. If an appeal be dismissed for some informality or irregularity in the granting or perfecting of the same, such decree of dismissal does not pass upon the issues involved in the judgment appealed from nor yet upon appellant's right to appeal, but merely decides that under the conditions then existing the appeal cannot be heard. The dismissal of an appeal on such grounds is not res judicata either as to the merits of the cause, or as to appell-

ant's right to an appeal. The right to have his appeal heard still exists unless it has been lost by the lapse of time or by forfeiture through acquiescence in the judgment or abandonment." This case is cited in note 91, 4 C.J.S., section 34, page 107, in a discussion of the subject with which we are concerned and the general rule is announced, that whether a proceeding for review has been dismissed without a decision on the merits of the case (page 106), or whether an attempted appellate proceeding has been abandoned (page 108), or although not abandoned or dismissed, where it is for any reason void or ineffectual so that it in no way brings the merits of the case up for review (page 109), and the time for taking an appeal or suing out a writ of error has not expired, another appeal or writ of error may be prosecuted. In the above mentioned discussion there seems to be no qualification in respect to the rule applying merely to civil suits, and no cases supporting that proposition have been cited by the attorney general. In *Failing v. People,* 105 Colo. 399, 98 P. (2d) 865, the principle is laid down that where a criminal statute admits of two constructions, that which is more favorable to the defendant should be preferred. This would seem to support defendant's contention that there should be no such distinction established in this case.

The judgment is reversed.