Robert PERRY, Appellant,

v.

STATE of Alaska, Appellee,

No. 699.

Supreme Court of Alaska.

June 19, 1967.

William B. Emmal, Fairbanks, for appellant.

Thomas E. Fenton, Dist. Atty., Fairbanks, for appellee.

## OPINION

Before NESBETT, C. J., RABINO-WITZ, J., and SANDERS, Superior Court Judge.

SANDERS, Superior Court Judge.

This is an appeal from the denial of the third petition for a writ of habeas corpus filed to secure the release of petitioner subsequent to extradition proceedings.

Petitioner was convicted in California on January 9, 1957, for possession of narcotics and was given a ten-year term of imprisonment. He was granted parole on July 9, 1962, upon the condition that he go to Alaska to live with his family and pursuant to his agreeing to waive extradition to the State of California.

The history of petitioner's activities in Alaska began in July 1964, when he was allegedly involved in giving barbiturates, or unknown drugs, to a 21-year-old woman. In January of 1965, he was charged by the state with operating a motor vehicle while under the influence of intoxicating liquor, leaving the scene of an accident, and failure to report an accident. On February 8, 1965, he was charged by the city of Fairbanks with disorderly conduct and a complaint was filed by the state charging petitioner with carrying a concealed weapon.

On March 25, 1965, the California Adult Authority cancelled petitioner's parole and ordered his return to prison. The following day a warrant of arrest was issued for petitioner by the California Adult Au-

thority. Petitioner, on the basis of this warrant, was arrested in Fairbanks and thereafter filed his first petition for a writ of habeas corpus. Petitioner, however, was released on bail and no conclusion was entered with respect to the petition.

In June 1965, after receiving from California a demand for extradition, the Governor of Alaska issued a "Governor's Warrant of Arrest" for petitioner. Petitioner was subsequently arrested and held for delivery to California authorities. On June 25, 1965, petitioner filed his second petition for habeas corpus. This petition was amended on July 2, 1965. In his amended second petition petitioner alleged, among other things, that the application for requisition contained untrue statements; that he had not been tried by the State of Alaska for the crimes he had allegedly committed in Alaska and that he was entitled to be tried in an Alaska court on the charges; and that the Governor's warrant of arrest was void in that it prevented him from being afforded his right to have the charges against him litigated in Alaska.

At the hearing held on the amended second petition on August 26, 1965, before Superior Court Judge Warren Wm. Taylor, petitioner's counsel attacked the sufficiency of the application for requisition by arguing that "there must be something more than a mere request and a mere statement that a crime has been committed, or a violation has been made." Petitioner's counsel also argued that "I don't think on * * * the requisition form, there was a sufficient showing to support the Governor's Warrant." On October 21, 1965, the trial court denied petitioner's amended second petition. In his memorandum decision denying the petition Judge Taylor said, in part, that:

The issuance of the Governor's warrant was proper and was based upon the recognition that there was in writing a statement that the person claimed had broken the term of parole and a copy of the judgment of conviction and of the sentence imposed in execution thereof. AS 12.70.020(b).[1]

Petitioner urges upon the Court that the reason for the California extradition proceedings is because of certain criminal charges pending trial in Alaska and that these charges should be tried in Alaska. AS 12.70.190[2] * * * prevents this Court from inquiring into the guilt or innocence of the petitioner. The validity of the parole and its later revocation by

---

1. AS 12.70.020(b) provides that:
   (b) No demand for the extradition of a person convicted of a crime in another state shall be recognized by the governor of this state unless made in writing and containing the following:
   (1) a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of bail, probation, or parole;
   (2) a copy of the judgment of conviction or of a sentence imposed in execution thereof; the copy must be authenticated by the executive authority making the demand.
   AS 12.70.020(b) is one of the provisions of Alaska's Uniform Criminal Extradition Act (AS 12.70.010.290). Other relevant provisions of this Act are 12.70.030 which provides that:
   When a demand is made upon the governor of this state by the executive authority of another state for a surrender of a person charged with crime,

the governor shall investigate the demand.
and 12.70.060 which provides that:
   If the governor decides that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to a peace officer or other person whom he may think fit to entrust with the execution of the warrant. The warrant must substantially recite the facts necessary to the validity of its issuance.

2. AS 12.70.190 provides that:
   The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor in any proceeding after the demand for extradition, accompanied by a charge of crime in legal form as provided in this chapter, has been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime.

the California authorities were questions for the California Courts and were not grounds for resisting extradition.

No appeal was taken from the trial court's denial of the amended second petition and on January 4, 1966, a bench warrant was issued for petitioner's arrest. Petitioner was then arrested and confined to await the arrival of California authorities.

On January 6, 1966, petitioner filed his third petition for a writ of habeas corpus in the superior court. This petition set out six enumerated contentions as to why petitioner's restraint was illegal. After a hearing held on January 10, 1966, Judge Taylor denied the petition. In his oral decision denying the petition Judge Taylor said that:

> This Court entered its opinion [on October 21, 1965] * * * setting forth the reasons why it was denying the [amended second] petition for a writ of habeas corpus. It is the opinion of this Court * * * that the same matters have been raised [on this third petition for a writ of habeas corpus], and therefore, that this Court has no jurisdiction over this petition and respectfully denies it.

Petitioner has appealed to this court from the denial of his third petition. On appeal petitioner has alleged the following points as specifications of error:

1. The "Application for Requisition" from the State of California is defective in failing to comply with requirements of California Penal Code, 1554.2 and the Federal and State Constitutions.

2. The statements contained in the "Application for Requisition" concerning alleged parole violations must be factual and the asylum state can review or question these statements.

3. The Governor's Warrant must be legally supported by documents and papers sufficiently showing that the petitioner was a parole violator at any specific time or place.

One of the contentions of the state in this appeal is that the issues raised in petitioner's third petition either had been raised, or could have been raised, in the amended second petition and that the doctrine of res judicata was applicable to the third petition. The state admits that at common law res judicata was not applicable to habeas corpus but contends that this common law rule can be changed by statute and that AS 12.75.230 provides for the application of the doctrine of res judicata to habeas corpus.[3] AS 12.75.230 provides, in part, that:

> No question once finally determined upon a proceeding by habeas corpus shall be re-examined upon another or subsequent proceeding of the same kind.

We have decided that the trial court's decision denying petitioner's third petition for a writ of habeas corpus should be affirmed.

In affirming the trial court's decision we need not reach the question of whether Alaska's legislature, in passing AS 12.75.230, intended to change the common law rule that the doctrine of res judicata was not applicable to habeas corpus.[4] In

---

3. The state relies, in part, upon Barber v. Gladden, 215 Or. 129, 332 P.2d 641 (1958); Burleigh v. Turner, 15 Utah 2d 118, 388 P.2d 412 (1964); and Civil Rule 86(b) (9) which provides that the complaint in an action for habeas corpus shall state that:
   [T]he legality of the restraint has not been already adjudged upon a prior writ of habeas corpus to the knowledge or belief of the plaintiff.

4. For authority for the proposition that at common law the doctrine of res judicata did not apply to habeas corpus see, e. g., Sanders v. United States, 373 U.S. 1, 7–8, 83 S.Ct. 1068, 10 L.Ed.2d 148, 156–157 (1963); and Salinger v. Loisel, 265 U.S. 224, 230–231, 44 S.Ct. 519, 68 L.Ed. 989, 995–996 (1924). In Salinger v. Loisel, supra, the Supreme Court intimated that the reason for the rule was that habeas corpus judgments were not

declining to reach this question we are mindful that a construction of AS 12.75.230 as having changed the common law rule that res judicata was inapplicable to habeas corpus might raise serious questions of the constitutionality of AS 12.75.230,[5] and that a court should not pass on the constitutionality of a statute unless such a determination is essential to the decision of the case.[6]

In affirming the trial court's denial of petitioner's third petition we rely on the guidelines laid down by the United States Supreme Court in Sanders v. United States [7] for denying successive applications for federal habeas corpus or for 28 U.S.C. section 2255 relief.[8]

In *Sanders* the Supreme Court said that while the common law rule that res judicata was not applicable to habeas corpus had not been abrogated by statute [9] there were situations in which a denial, without a hearing, of a second or successive application for a writ of habeas corpus or for section 2255 relief was proper which were exclusive of those situations "where the second or successive application is shown, on the basis of the application, files, and records of the case alone, conclusively to be without merit."[10]

The Court stated the principles governing successive applications for federal

appealable at common law. 265 U.S. at 230–231, 44 S.Ct. at 521–522, 68 L.Ed. at 996. In Sanders v. United States, 373 U.S. at 8, 83 S.Ct. at 1073, 10 L.Ed.2d at 157, the Supreme Court said that the roots of the principle would seem to go deeper than the fact that at common law habeas corpus was not appealable in that:

> [c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged.

5. Article I, § 13 of Alaska's constitution provides that "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or actual or imminent invasion, the public safety requires it." See, Sanders v. United States, 373 U.S. 1, 11–12, 83 S. Ct. 1068, 1075, 10 L.Ed.2d 148, 159 (1963) and note 9 infra.

6. E. g., County of Maricopa v. Anderson, 81 Ariz. 339, 306 P.2d 268 (1957); Miller v. Municipal Court of City of Los Angeles, 22 Cal.2d 818, 142 P.2d 297 (1943); State ex rel. Cruse v. American Can Co., 117 Colo. 312, 186 P.2d 779 (1947); State v. Heitz, 72 Idaho 107, 238 P.2d 439 (1951).

7. 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

8. Alaska's Criminal Rule 35(b) is substantially identical to 28 U.S.C. § 2255.

9. In Sanders the Court was faced with the question of the proper construction to be given that part of § 2255 which provides that: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The Court held that this provision of § 2255 was the "material equivalent" of 28 U.S.C. § 2244. Section 2244 provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Court was of the view that § 2244 was plainly not intended to inject the doctrine of res judicata into federal habeas corpus and added, citing article I, § 9, cl. 2 of the United States Constitution, that if § 2244 were "construed to derogate from the traditional liberality of the writ of habeas corpus, see pp. 1072–1073, supra, § 2244 might raise serious constitutional questions." 373 U. S. at 11–12 & n. 6, 83 S.Ct. at 1075, 10 L.Ed.2d at 159. Article I, § 9, cl. 2 of the United States Constitution provides that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

10. 373 U.S. at 15, 83 S.Ct. at 1077, 10 L. Ed.2d at 161.

habeas corpus and motions under section 2255 to be as follows:

## A. SUCCESSIVE MOTIONS ON GROUNDS PREVIOUSLY HEARD AND DETERMINED.

Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

(1) By 'ground,' we mean simply a sufficient legal basis for granting the relief sought by the applicant. For example, the contention that an involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different 'ground' than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments * * * or be couched in different language * * * or vary in immaterial respects * * *. Should doubts arise in particular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant.

(2) The prior denial must have rested on an adjudication of the merits of the ground presented in the subsequent application. * * * This means that if

factual issues raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved these issues, an evidentiary hearing was held. * * *

(3) Even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground. If factual issues are involved, the applicant is entitled to a new hearing upon showing that the evidentiary hearing on the prior application was not full and fair; we canvassed the criteria of a full and fair evidentiary hearing recently in Townsend v. Sain [372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770], supra, and that discussion need not be repeated here. If purely legal questions are involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application. Two further points should be noted. *First*, the foregoing enumeration is not intended to be exhaustive; the test is the ends of justice' and it cannot be too finely particularized. *Second*, the burden is on the applicant to show that, although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground.[11]

Applying the *Sanders'* criteria to the record here, we are of the opinion that the trial court correctly denied petitioner's petition. Upon analysis it becomes clear that petitioner's specifications of error al-

---

11. Id. at 15–17, 83 S.Ct. at 1078, 10 L.Ed. 2d at 161–162 (footnote omitted). The Supreme Court in Subpart B, which dealt with successive applications claimed to be an abuse of remedy, stated that:

No matter how many prior applications for federal collateral relief a prisoner has made, the principle elaborated in Subpart A, supra, cannot apply if a different ground is presented by the new application. So too, it cannot ap-

ply if the same ground was earlier presented but not adjudicated on the merits. In either case, full consideration of the merits of the new application can be avoided only if there has been an abuse of the writ or motion remedy; and this the Government has the burden of pleading.

Id. at 17, 83 S.Ct. at 1078, 10 L.Ed.2d at 162.

lege, in reality, only one legal basis or "ground" for the granting of the writ of habeas corpus, i. e., that the Governor's warrant of arrest was void in that it was not supported by a legally sufficient application for requisition or demand.[12]

The validity of the Governor's warrant of arrest and the sufficiency of the showing made in the application for requisition were put in issue as a ground for relief by the petitioner's amended second petition and decided adversely to the petitioner on the merits. The petitioner has not shown that the ends of justice would be served by permitting a redetermination of this ground for relief.

The superior court's denial of petitioner's third petition for a writ of habeas corpus is affirmed.

12. See AS 12.70.020(b) quoted in note 1 supra.