**Stephen BURKHOLDER, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. 1346.**

Supreme Court of Alaska.

Nov. 30, 1971.

Jay Hodges, of Curran & Hodges, Fairbanks, for petitioner.

John E. Havelock, Atty. Gen., Juneau, Monroe Clayton and Stephen Cooper, Dist.

Attys., Hal R. Horton, Asst. Dist. Atty., Fairbanks, for respondent.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

DIMOND, Justice.

In a two-count indictment petitioner was charged with the sale of depressant, stimulant or hallucinogenic drugs in violation of AS 17.12.010. He seeks review of an order denying his motion for production of the grand jury minutes which led to the indictment.

■ In a similar case involving a different defendant but an identical offense, where the same, sole witness appeared before the grand jury, a different judge in the same judicial district granted that defendant's motion for production of the grand jury minutes, and then dismissed the case. In order to attain uniformity in the superior court in such matters, we have granted review.

At the time of petitioner's motion, Criminal Rule 6(h) allowed matters before a grand jury to be disclosed when permitted by the court at the defendant's request "only . . . upon a showing that grounds may exist for a motion to dismiss the indictment. . . ."[1] The courts have been chary about revealing matters *that occur before a grand jury, and have* generally held that such matters are secret and not subject to disclosure.

The courts have put forth numerous propositions to justify concealment of grand jury proceedings. The various reasons commonly urged by the courts to support their position were accurately stated by the Third Circuit in United States v. Rose:[2]

(1) To prevent the escape of those whose indictment may be contemplated;

(2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;

(3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it;

(4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes;

(5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

■ While the policy of secrecy may have some valid basis while the grand jury is deliberating, there appears to be no justification for secrecy when the deliberations have been completed, the indictment has been returned and the defendant has been arrested and is ready for trial.

---

1. Prior to October 31, 1971 Criminal Rule 6(h) provided:

 *Secrecy of Proceedings and Disclosure.*

 Disclosure of matters occurring before the grand jury other than the deliberations and the vote of any juror may be made to the prosecuting attorney for use in the performance of his duties. Otherwise, a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminary to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds

may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons.

2. 215 F.2d 617, 628–629 (3d Cir. 1954).

Reason (1) has no application to this latter period because the indictment is not just contemplated but is a fact and the defendant is in custody. Similarly, ground (2) is not pertinent because the deliberations are over and since the defendant has been indicted there would be no point in importuning the grand jurors.

Reason (3) is not a valid consideration. Criminal Rule 7(c) requires that "the names of all witnesses examined before the grand jury must be inserted at the foot of the indictment, or endorsed thereon, before it is presented to the court." Thus, the names of the grand jury witnesses are not secret and disclosure of the grand jury minutes will not increase the likelihood of subornation of perjury or tampering with witnesses who may later appear at the trial of those indicted.

Reason (4) would have merit only if witnesses before the grand jury remained anonymous. But since the names of all witnesses examined before the grand jury must be inserted at the foot of the indictment, or endorsed thereon, secrecy of grand jury proceedings does little to encourage "free and untrammeled disclosures by persons who have information with respect to the commission of crimes."

Finally, reason (5) relied upon in support of secrecy lacks validity. If a person is not indicted, then under our holding no disclosure of the fact that he has been under investigation will occur nor will he be subject to the burdens of standing trial. Moreover, where no indictment is returned there will exist no basis for the person investigated to obtain a transcript of the grand jury proceedings. Where, as here, an indictment is returned secrecy is of little moment for it is apparent that an investigation has occurred and a trial will be necessary.

Rather than preserving the secrecy of grand jury proceedings after indictment,

there is good reason for permitting the indicted defendant, before he goes to trial, to have access to such proceedings. We held in State v. Parks,[3] that an indictment was subject to dismissal if the grand jury was presented no evidence that rationally established the facts.[4] We held that under this rule the question was one of sufficiency of the evidence—"whether it is adequate to persuade reasonable minded persons that if unexplained or uncontradicted it would warrant a conviction of the person charged with an offense by the judge or jury trying the offense."[5]

Criminal Rule 6(h), as it existed at the time this petition for review was filed, permitted a court to disclose matters occurring before the grand jury at the request of a defendant "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." The difficulty with that rule, as applied in conjunction with *Parks*, is that so far as the sufficiency of the indictment is concerned, there is no way that the defendant could test that sufficiency in the absence of being able to show that "grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Yet it is only by being able to have access to the grand jury proceedings without any prior showing that a defendant can know whether the indictment is subject to dismissal because of insufficiency of evidence. The necessity for keeping a record of grand jury proceedings, which would be available to a defendant without a particularized showing, was suggested by our colleague, Justice Rabinowitz, in his concurring opinion in *Parks*.[6]

To facilitate the attainment of a grand jury proceeding without an elaborate showing, we quite recently amended Criminal

---

3. 437 P.2d 642 (Alaska 1968).

4. *Id.* at 644.

5. *Id.*

6. *Id.* at 646 n. 4 where Justice Rabinowitz observed:
 It might well be that . . . Crim.R. 6(h) . . . will have to be modi-

Rule 6 by adding subdivision (j) to read as follows:

> Upon request, a defendant shall be entitled to listen to the electronic recording of the grand jury proceedings and inspect all exhibits presented to the grand jury. Upon further request he may obtain a transcript of such proceedings and copies of such exhibits.

Under this amendment there is no question but that a defendant now has available a means to determine, before trial, whether an indictment is sufficient to subject him to trial, or whether it is challengeable as insufficient and subject to dismissal.

■ But entirely apart from this amendment, we hold that petitioner was entitled to a transcript of the grand jury minutes in this case in order to give meaning to *Parks* by enabling petitioner to determine the sufficiency of the indictment. It was error for the court to deny petitioner's motion for production of the grand jury minutes.

Here the only witness who testified before the grand jury was an Alaska State Trooper. According to a transcript of the grand jury minutes the trooper testified that a criminal informant working for the trooper bought 27 grams of hashish from appellant for $100, that the informant was one whose reliability was known to the police through their operation with him, and that the informant knew the identity of the appellant.

We are dealing here with hearsay. The state trooper was relating what was told to him by the informant. The use of hearsay involved, of course, attempts to get into evidence a statement made by one who was not testifying,[7] and the value of that hearsay rested upon the credibility of the out-of-court declarant.

■ Under the rules of evidence, hearsay is inadmissible upon objection unless it falls within one of the exceptions to the hearsay rule. In the past, however, we have recognized that not all of the formal and stringent rules of evidence should apply to a grand jury proceeding.[8] As a result, we have held that even those forms of hearsay not countenanced within one of the recognized exceptions are admissible in a grand jury proceeding.[9] In adopting such a position we have not been unmindful of the protective value of the constitutional right to a grand jury indictment.[10] We have been continually cognizant of "what we have stated to be a vital function of the grand jury—the protection of the innocent against oppression and unjust prosecution".[11] In *Parks* we indicated that:

> Hearsay, if relevant, is evidence, and if it is such that, unexplained or uncontradicted, it would persuade a grand jury that it would warrant the conviction of the defendant at the trial, then it is sufficient evidence to justify the finding of an indictment.[12]

In so holding we did not determine whether the hearsay presented to the grand jury in *Parks* was sufficient to support an indictment. We held only that:

> [H]earsay evidence may rationally establish facts and therefore may be sufficient evidence to justify the findings of an indictment by a grand jury. We do not decide in this case whether the particular hearsay evidence involved was sufficient for that purpose, because that

fied to effectuate the evidentiary rule articulated in today's opinion. It will also be mandatory that a record be kept of all proceedings before any grand jury.

In this connection, we note that by a recent amendment contained in Crim.R. 6 (g) we provided for the recordation of grand jury proceedings.

7. State v. Parks, 437 P.2d 642, 644 (Alaska 1968).

8. Merrill v. State, 423 P.2d 686 (Alaska 1967), cert. denied, 386 U.S. 1040, 87 S.Ct. 1497, 18 L.Ed.2d 607 (1967).

9. State v. Parks, 437 P.2d 642, 645 (Alaska 1968).

10. *Id.* at 643.

11. State v. Shelton, 368 P.2d 817, 819 (Alaska 1962) (footnote omitted).

12. State v. Parks, 437 P.2d 642, 644 (Alaska 1968) (footnote omitted).

question is not before us. We only decide that an indictment is not insufficient or invalid and subject to dismissal when founded upon hearsay evidence alone.[13]

■ Under the *Parks* standard the hearsay testimony presented to the grand jury in the present case is insufficient to support an indictment. At best, only a modicum of credibility can be attributed to the informant-declarant in this case. The name of the informant was not disclosed, the nature and extent of his relationship with the police and the appellant were not revealed, and the circumstances relating to the purchase of hashish from appellant were not explored. Briefly stated, the hearsay testimony presented lacked the probative value required by *Parks*. In such circumstances the hearsay testimony presented cannot "rationally establish facts" sufficient to support an indictment as required by *Parks*. In this case the hearsay presented was so devoid of persuasive force as to fail to furnish a logical basis to justify an indictment. The indictment must be dismissed.[14]

We hold that appellant was entitled to a transcript of the grand jury minutes. As we have indicated, our examination of the minutes of the grand jury convinces us that the testimony presented was insufficient to support an indictment, and the indictment must be dismissed.

---

13. *Id.* at 645.

14. In relying upon *Parks* we are not unmindful of cases which take a contrary view, and prohibit basing an indictment upon hearsay, at least in the absence of some quantum of competent non-hearsay evidence. The standards announced in the A.B.A. Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function (Approved Draft, 1971) § 3.6, at 88–89, appear appropriate.

(a) A prosecutor should present to the grand jury only evidence which he believes would be admissible at trial. However, in appropriate cases the prosexecutor may present witnesses to summarize admissible evidence available to him which he believes he will be able to present at trial.

(b) The prosecutor should disclose to the grand jury any evidence which he knows will tend to negate guilt.

(c) A prosecutor should recommend that the grand jury not indict if he believes the evidence presented does not warrant an indictment under governing law.

(d) If the prosecutor believes that a witness is a potential defendant he should not seek to compel his testimony before the grand jury without informing him that he may be charged and that he should seek independent legal advice concerning his rights.

(e) The prosecutor should not compel the appearance of a witness whose activities are the subject of the inquiry if the witness states in advance that if called he will exercise his constitutional privilege not to testify.

The following commentary also seems persuasive:

As a general principle, the use of secondary evidence before a grand jury should be avoided unless there are cogent reasons justifying the presentation of a matter on the basis of such evidence. On the other hand, some jurisdictions allow an indictment to rest on evidence which would not be admissible at trial, e. g., Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). The need to use a summary of available evidence may arise in cases involving voluminous records or where an absent witness has given a written statement but is not available at the time and circumstances justify prompt grand jury action. Similarly, where the victim of a criminal act is seriously injured and therefore is unavailable, someone to whom the relevant facts have been related should be permitted to relate to the grand jury what has been told. A third illustrative situation exists where the safety of an important witness reasonably warrants that his identity remain covert and his statements have been recorded and can be presented to the grand jury in sufficient detail to warrant an indictment.

Appellant has urged reconsideration of our previous holding in *Parks*, but since we have concluded that the present case does not even meet the standard announced in *Parks* there exists no compelling reason to do so here.