Milton Robert NICKERSON, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 1295, 1296.

Supreme Court of Alaska.

Dec. 30, 1971.

---

Victor D. Carlson, Public Defender, Anchorage, David C. Backstrom, Dick L. Madson and Bruce A. Bookman, Asst. Public Defenders, Fairbanks, for appellant.

John E. Havelock, Atty. Gen., Juneau, Stephen Cooper, Dist. Atty., Lyle R. Carlson, Asst. Dist. Atty., Fairbanks, for appellee.

## OPINION

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

ERWIN, Justice.

This is a companion case to Tarnef v. State, Op. No. 758, 492 P.2d 109 (Alaska, December 30, 1971). Nickerson was a participant in the events which led to his indictment and the indictment of Tarnef for possession and sale of heroin. Nickerson was assigned a separate trial scheduled to immediately follow Tarnef's trial.[1] In this appeal from a conviction for "selling or possessing" a narcotic drug, Nickerson asserts that he was denied a speedy trial, that the indictment, jury instructions and verdict form were duplicitous, and that the sentence imposed was excessive. We affirm.

Appellant was brought to trial eight months and one week after his arrest, the cause of this delay concededly being attributable to the state.[2] In the context of this case we find there was no denial of speedy trial.

In Glasgow v. State, 469 P.2d 682, 685 (Alaska 1970), and Rutherford v. State, 486 P.2d 946, 947 (Alaska 1971), we noted that the speedy trial guarantee fulfills three main purposes: (1) it prevents harming a defendant through a weakening of his case as evidence and witnesses' memories fade with the passage of time; (2) it prevents prolonged pre-trial incarceration; and (3) it limits the infliction of anxiety upon the accused because of long-standing charges.[3]

---

1. For a more complete statement of the events which led to this criminal prosecution, see Tarnef v. State, Op. No. 758, 492 P.2d 109 (Alaska, December 30, 1971).

2. The Tarnef trial was delayed by a missing prosecution witness. There is no indication that appellant ever actively sought to postpone his trial.

3. In addition, the deterrence and rehabilitation purposes of the criminal law are frustrated if the trial is not reasonably contemporaneous with the wrongful act. *See* Rutherford v. State, 486 P.2d 946, 947 n. 4 (Alaska 1971).

Within the framework of these purposes, and keeping in mind the countervailing interests we noted in *Rutherford* [4] we turn to the question of whether appellant has been denied his right to speedy trial.

In *Glasgow* and *Rutherford* we held that prejudice to these interests would be presumed for delays of over fourteen months between charge and trial, and reversed for a denial of speedy trial. This is not to say, of course, that prejudice to the accused will be presumed in cases where the trial is delayed for a substantially shorter time. Thus in *Rutherford* we elaborated on our holding as follows: [5]

> We do not mean to suggest by this holding that a converse presumption will be employed for less substantial delays— i. e., that prejudice will be presumed not to exist. Rather, the extent to which a showing of prejudice will be required in such cases will depend on the facts of each case. Generally, the longer the period of delay, the more willing the court should be to find a denial of the right to speedy trial without a showing of actual prejudice to the accused.

In the three cases where we have attached a presumption of prejudice—*Glasgow*, *Rutherford*, and State v. Mardock, Op. No. 743, 490 P.2d 1223 (Alaska, November 30, 1971)—the delay exceeded fourteen months. Here, as in Tarnef v. State, Op. No. 758, 492 P.2d 109 (Alaska, December 30, 1971), the interval between charge and trial was substantially less, approximately eight months. We hold that in these cir-

cumstances we will not presume prejudice from the length of the delay. We will require the defendant to demonstrate prejudice in order to prevail.

Regarding his allegedly impaired ability to defend himself, appellant argues that two witnesses became unavailable during the period of delay. [6] Nickerson, however, made no offer of proof as to what testimony the witnesses would have presented. [7] Moreover, no attempt was made to subpoena either witness before trial, to show that they could not be located, or to request a continuance so that they might be located. We find that appellant has entirely failed to substantiate this allegation of prejudice.

Much more troublesome are Nickerson's allegations of prejudice from his eighth-month pre-trial incarceration and from the anxiety he suffered in having the charges pending during that period. Although some prejudice results from an eight-month incarceration of any defendant, the question to be resolved is whether that prejudice reaches constitutional dimensions requiring reversal. After balancing the varied interests herein we have concluded that it does not. The period of incarceration did not affect the fact-finding process at the trial level. Consequently, the integrity of the judgment of conviction remains unchallenged. Moreover, Nickerson made no application for reduction of bail to obtain release pending trial. Appellant should have sought such relief from the trial court, pending his trial, instead of now asking us to consider the error as having constitu-

---

4. 486 P.2d at 948. The language there quoted from United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed. 2d 627, 630–631 (1966), is worth repeating:

> [B]ecause of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. . . . '[T]he essential ingredient is orderly expedition and not mere speed.' [citation omitted].

5. 486 P.2d at 952 n. 16.

6. Appellant alleges that he intended to call Mr. Poteet to impeach George Grant, a police informant, and Brenda Huntsburger as an eye witness to the sale.

7. Appellant does allege that Mr. Poteet could have testified to an alleged prior inconsistent statement made by George Grant. However, we note that appellant did call five witnesses who testified solely for the purpose of impeaching the credibility of George Grant.

tional dimensions. We think that this remedy will usually provide adequate protection for a defendant's interest against prolonged pre-trial incarceration. The more severe remedy of dismissal of the indictment with prejudice may be necessary in cases where pre-trial incarceration is so lengthy that, even without impaired defense ability, fundamental unfairness would occur by further subjection of the accused to the prosecutorial power of the state. However, no such unfairness occurred in the case at bar.

Our conclusions concerning prejudice to appellant accruing from his pre-trial incarceration and alleged lessened defense ability foreshadow our approach to his allegation of prejudice from anxiety over the pending criminal charge. It would be an exceptional case where such anxiety, standing alone, would constitutionally necessitate dismissal of a criminal prosecution. Some anxiety always results from criminal indictment; only through speedy resolution of criminal cases can such anxiety be minimized. However, appellant has not alleged, nor do we find anything in the record on appeal which would indicate, that he suffered any greater anxiety than that which normally flows from a criminal charge.

Thus, we conclude that reversal is not mandated by constitutional considerations.[8]

■ Appellant next asserts that he was denied a fair trial because the indictment, jury instructions and verdict form do not separate the offenses of possession and selling narcotics.[9] However, no objection was made to their combination below. Appel-

lant now relies on Drahosh v. State, 442 P. 2d 44 (Alaska 1968), in arguing that duplicity in the indictment, instructions, or verdict form constitutes plain error under Criminal Rule 47(b).

*Drahosh* involved a prosecution for two separate statutory crimes: failure to remain at the scene of an accident and failure to render assistance to an injured passenger. The two charges appeared in a single count of the complaint against the defendant and were similarly joined in the verdict form. We found this to be in violation of Criminal Rule 8(a) which, while it allows two or more offenses to be charged in the same indictment, requires that each offense be charged in a separate count. Although no objection had been made in the trial court, we viewed the inherently misleading nature of the duplicitous charge as plain error, emphasizing that "there remains the possibility that there was no unanimity as to either, or both, of these separate offenses." 442 P.2d at 49. Moreover, we further emphasized that it was only the real possibility of confusion among the jurors that necessitated reversal.

> Normally, in the absence of a showing that a defendant's substantial rights were prejudiced thereby, an otherwise proper judgment of conviction will not be disturbed because of a duplicitous count in the indictment or complaint.

442 P.2d at 48–49 (footnote omitted). Finding no such possibility of confusion in the record below,[10] we decline to further consider this point as plain error.

8. We have recently attempted to deal comprehensively with the problem of pre-trial delay in criminal cases through our rule-making power. *See* Sup.Ct. Order No. 131, generally adopting a requirement that trial of a criminal defendant occur within four months of the date on which he was charged with crime.

9. The indictment charged that appellant "did . . . possess *and* sell" heroin. The relevant statute, AS 17.10.010, proscribes a number of actions involving narcotics, listing them disjunctively. Four different instructions were read to the jury which mentioned the offense. All

used "or" (except when quoting verbatim the indictment) ; one also used "and". The verdict form used "or", reading:

> We . . . find the defendant . . . guilty of the crime of possessing or selling a narcotic drug as charged in the Indictment in this case.

10. A review of the evidence presented at trial convincingly shows that appellant was on trial for sale of a narcotic drug. The state's witnesses testified to a transaction in which appellant handed George Grant, the police informant, a foil-wrapped package, later found to contain heroin, in exchange for $140. In the

Finally, appellant argues that the sentence imposed of eight years with four years suspended is excessive. Sale and possession of heroin are serious offenses for which the maximum penalty is ten years imprisonment. Using the sentencing criteria we established in State v. Chaney, 477 P.2d 441, 444 (Alaska 1970), we cannot conclude that the sentence was outside the "zone of reasonableness".[11]

The judgment of the superior court is affirmed.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

context of the trial below we simply cannot find that there existed any real possibility of a lack of unanimity among the jurors as to the guilt of appellant.

11. Waters v. State, 483 P.2d 199, 202 (Alaska 1971). The background of ap-

pellant and the recommendation of the probation officer account for the difference between the sentence imposed herein and the sentence imposed in the *Tarnef* case.