Andrew Payne **TAGGARD**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 1446.

Supreme Court of Alaska.

Aug. 11, 1972.

---

Lloyd I. Hoppner, of Rice, Hoppner, Blair & Associates, Fairbanks, for appellant.

Monroe N. Clayton, Dist. Atty., Fairbanks, John E. Havelock, Atty. Gen., Juneau, for appellee.

## OPINION

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

CONNOR, Justice.

On January 29, 1970, appellant was indicted on five felony counts. Counts I and II charged sale of tuinal capsules, amphetamine capsules, and amphetamine tablets in violation of AS 17.12.010. Counts III and IV charged sale of phenophen and morphine in violation of AS 17.10.010. Count V of the indictment was dismissed and is not subject to this appeal.

On this appeal three specifications of error are stated: first, that the appellant was denied his right to speedy trial; second, that the indictment was based solely on the hearsay statement of an anonymous informer, the statement being related to the grand jury by a police officer; third, that his sentence was excessive. We will consider these points in the order presented above.

Appellant was indicted on January 29, 1970, he was arraigned on February 2, 1970, and a trial date was set for June 15, 1970. On May 27, 1970, appellant filed a motion to dismiss his attorney; this unopposed motion was granted on June 4, 1970. On June 11, 1970, four days before trial was to begin, defendant requested a continuance in order to enable him to secure counsel. The continuance was granted and on July 31, 1971, appellant's case was reset for trial on November 2, 1970. On October 30, 1970, three days before his new trial date, appellant was again before the court and had not, by that date, secured counsel. The court then appointed the public defender to provide counsel for the appellant and the trial was continued to December 14, 1970, the date on which it commenced.

In Glasgow v. State,[1] we indicated that, in determining speedy trial claims, we would exclude those periods of time that were attributable to the defendant in our calculation of pre-trial delay. The initial delay of four and one-half months between arrest and the first trial date was not chargeable to appellant. Subsequent delays after appellant dismissed his attorney and continued the case in order to secure other counsel are attributable to the appellant.

The appellant contends that the latter delay is also chargeable to the court because the trial judge obligated himself to remain in contact with the appellant to assure that he obtained replacement counsel. However, the record shows that the appellant was not relying on any representation

1. 469 P.2d 682, 688 (Alaska 1970).

made by the judge in connection with securing counsel.[2] Thus, the delay not attributable to the appellant only includes the initial four and one-half months between his arrest on January 29, 1970, and the first trial date of June 15, 1970.

When presented with a case alleging unconstitutional deprivation of speedy trial, we must consider it in terms of its own particular facts and circumstances. Tarnef v. State, 492 P.2d 109 (Alaska 1971). As in other speedy trial cases we must balance the needs of the accused and the requirements of the judicial process with the purposes served by the speedy trial guarantee.[3]

As we have indicated in Tarnef v. State[4] and in Nickerson v. State,[5] a delay for a period substantially less than 14 months will not give rise to a presumption of prejudice. Under the circumstances of the instant case we will not presume prejudice from the length of the delay. We must require that the defendant in this case demonstrate prejudice in order to prevail.

Appellant asserts that he was hindered in the preparation of his defense by the length of time between arrest on the indictment and trial. However, there is no indication that witnesses necessary for appellant's defense were unavailable at trial or that the passage of time dimmed their memories. We find that the appellant has failed to substantiate this assertion of prejudice.

Appellant also claims prejudice due to anxiety over his pending criminal charge. We do not view the delay as such that fundamental unfairness resulted from the subjection of the accused to the prosecutorial power of the state.

"It would be an exceptional case where such anxiety, standing alone, would constitutionally necessitate dismissal of a criminal prosecution." [6]

It is clear from the record that the defendant was aware of the availability of the services of appointed counsel and of the public defender. He twice chose to have his trial continued in order to learn whether his mother would provide him with counsel from New York. We must conclude that reversal is not mandated by constitutional speedy trial considerations.

We now must turn to the assertion that the indictment resting solely on hearsay evidence of an anonymous informer must be dismissed.

Appellee urges that this court is without jurisdiction to consider this issue because appellant presented this claim in an application for a writ of habeas corpus, the denial of which was appealed to this court.[7] We dismissed the appeal by appellant because of failure of appellant to file a brief.

---

2. "Court: [W]ere you relying on this statement that the court was going to correspond with you every two weeks?
   "Mr. Taggard: I was relying on my mother your Honor, not on the court."

3. Tarnef v. State, 492 P.2d 109, 112 (Alaska 1971); United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed. 2d 627 (1966); Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950 (1905); Rutherford v. State, 486 P.2d 946, 948 (Alaska 1971); Glasgow v. State, 469 P.2d 682, 688 (Alaska 1970); Spight v. State, 450 P.2d 157, 158–159 (Alaska 1969).

4. 492 P.2d 109, 112–113 (Alaska 1971).

5. 492 P.2d 118, 120 (Alaska 1971).

6. Id. at 121.

7. The writ of habeas corpus is an extraordinary remedy and will not ordinarily be granted when there is another adequate remedy. Spencer v. Cox, 140 F.2d 73, 74 (8th Cir. 1944); Application of Jorge, 10 Alaska 633, 640 (1945). A motion to dismiss the indictment under Alaska R. Crim.P. 12(b)(2), therefore, would have been more appropriate in this case. However we take special notice of the fact that Taggard was not represented by counsel at this point in the proceedings. Because of this circumstance the application for a writ of habeas corpus was sufficient to preserve the objection to the defective indictment on appeal.

At common law the doctrine of res judicata was not applicable to habeas corpus.[8] Although the question of whether the legislature intended to change the common law by enacting AS 12.75.230[9] might raise serious constitutional questions,[10] we need not reach that issue in this case.

The dismissal of a criminal appeal does not necessarily preclude a second appeal.[11] We conclude that the appeal should be allowed in the instant case, as we have never had the opportunity to consider the merits of appellant's assertion.

■ We said in State v. Parks[12] and Burkholder v. State[13] that an indictment is not per se invalid because it is based on hearsay testimony alone. We approve, however, of the American Bar Association Standards for Criminal Justice which limit the use of hearsay testimony before the grand jury as follows:

"A prosecutor should present to the grand jury only evidence which he believes would be admissible at trial. However, in appropriate cases the prosecutor may present witnesses to summarize admissible evidence available to him which he believes he will be able to present at trial."[14]

When secondary evidence is utilized before the grand jury, therefore, it should be scrutinized with special care to ensure that it can "'rationally establish facts' sufficient to support an indictment."[15]

■ Our examination of the record of a grand jury proceeding, in which hearsay evidence played a significant part, involves a two-step analysis. The threshold question, which must be determined in all cases involving a challenge to the sufficiency of the evidence supporting a grand jury indictment, is whether the evidence presented a sufficiently detailed account of criminal activity and the defendant's participation in this activity so that "if unexplained or uncontradicted it would warrant a conviction of the person charged with an offense

8. Perry v. State, 429 P.2d 249, 251 n. 4 (Alaska 1967).

9. AS 12.75.230 provides: "A party to a proceeding by habeas corpus may appeal from the judgment of the court refusing to allow the writ or a final judgment therein in like manner and with like effect as in an action. No question once finally determined upon a proceeding by habeas corpus shall be reexamined upon another or subsequent *proceeding of the same kind.*" (Emphasis added.)

10. Perry v. State, 429 P.2d 249, 252 (Alaska 1967).

11. *See* O'Brien v. People, 118 Colo. 58, 192 P.2d 428, 430 (1948); State v. Rosser, 162 Or. 293, 86 P.2d 441, 87 P.2d 783, 91 P.2d 295 (1939); see also Evans v. State National Bank of New Orleans, 134 U.S. 330, 10 S.Ct. 493, 33 L.Ed. 917 (1890).

12. 437 P.2d 642 (Alaska 1968).

13. 491 P.2d 754 (Alaska 1971).

14. American Bar Association Standards Relating to the Prosecution Function and the Defense Function § 3.6(a), at 88 (Approved Draft, 1971).

The commentary accompanying this section gives examples of situations where hearsay evidence before the grand jury may be appropriate:

"As a general principle, the use of secondary evidence before a grand jury should be avoided unless there are cogent reasons justifying the presentation of a matter on the basis of such evidence. . . . The need to use a summary of available evidence may arise in cases involving voluminous records or where an absent witness has given a written statement but is not available at the time and circumstances justify prompt grand jury action. Similarly, where the victim of a criminal act is seriously injured and therefore is unavailable, someone to whom the relevant facts have been related should be permitted to relate to the grand jury what has been told. A third illustrative situation exists where the safety of an important witness reasonably warrants that his identity remain covert and his statements have been recorded and can be presented to the grand jury in sufficient detail to warrant an indictment." Id. at 89.

15. Burkholder v. State, 491 P.2d 754, 758 (Alaska 1971).

by the judge or jury trying the offense."[16] Where hearsay evidence has been introduced, we must also determine whether the credibility of the informant has been sufficiently established so that the grand jury may know how much weight to give to the hearsay testimony.

In this case we feel that the criminal activity of the defendant was described in sufficient detail. The police officer told the grand jury where each of the sales occurred, the time of the sales, the amount of money that changed hands, and the quantity and type of drug involved in each transaction. The officer also described the relationship between Taggard and the informant and related details of conversations between the defendant and the informant.

The problem in this case, however, is the complete lack of evidence by which the grand jury could evaluate the trustworthiness of the hearsay informant's testimony. The grand jury was not presented with any evidence which would demonstrate the reliability of the particular informant or independently corroborate his story. The prosecutor's unsupported assertion before the grand jury that the informant was reliable hardly qualifies as "independent evidence" of trustworthiness. In addition, the statement by the police officer that the informant's hearsay testimony had been used in a series of narcotics cases before this same grand jury is also inade-

quate to establish the informant's trustworthiness. The fact that the same informant's uncorroborated hearsay testimony has been repeated to the grand jury in a series of earlier cases does not lend credence to his testimony in a particular case.[17]

We find, therefore, that the hearsay evidence presented to the grand jury in this case lacks sufficient reliability to support the indictment. The indictment is the foundation underlying a criminal prosecution. If the indictment is seriously flawed, the conviction cannot stand.

A mere formal defect does not require dismissal of an indictment after the guilt of the defendant has been established at a fair trial.[18] But courts do not hesitate to dismiss an indictment, even after a conviction, when the defect in the indictment is substantial.[19] The conviction must be overturned when an indictment is invalid and the error was properly preserved by a timely objection prior to trial.[20]

In People v. Jackson, 18 N.Y.2d 516, 277 N.Y.S.2d 263, 223 N.E.2d 790 (1966), the New York court was faced with a situation similar to that in the instant case. In its reversal of the conviction, the court observed:

"It is unfortunate that, at this stage of the proceedings, after a conviction has been properly obtained on sufficient evi-

16. State v. Parks, 437 P.2d 642, 644 (Alaska 1968).

17. The informant testified at trial and explained his relationship with the police. He was an Alaska State Trooper who served at various times as an undercover narcotics agent in Fairbanks. We feel that it would have been sufficient to establish the informant's credibility if the police officer who testified before the grand jury had described informant's relationship with the police. Such testimony would not have endangered the informant by revealing his identity.

18. E. g., People v. Cox, 20 Ill.2d 458, 170 N.E.2d 531 (1960); Estep v. State, 183 Tenn. 325, 192 S.W.2d 706 (1946).

19. State v. Bridges, 412 S.W.2d 455 (Mo. 1967); State v. Sossamon, 259 N.C. 374,

130 S.E.2d 638 (1963); People v. Fain, 30 Ill.App.2d 270, 173 N.E.2d 825 (1961) (defective information); State v. Nolan, 418 S.W.2d 51 (Mo.1967) (defective information).

20. See text accompanying note 7 *supra*. Under Alaska R.Crim.P. 12(b) (2) an indictment which fails to show jurisdiction in the court or to charge an offense may be challenged for the first time even after trial. When the defect does not appear on the face of the indictment, however, the objection must be raised prior to trial. A motion to dismiss an indictment for insufficiency of evidence, therefore, may be denied if raised for the first time after entry of judgment. *See* People v. Nitzberg, 289 N.Y. 523, 47 N.E. 2d 37, 41 (1943).

dence, the indictment must be dismissed because of the District Attorney's failure to present sufficient evidence to the Grand Jury. Nevertheless, the indictment is invalid, and consequently any subsequent proceedings resting thereon are similarly invalid."

Because the defectiveness of the indictment in the instant case is one of substance, and not mere form, it must be dismissed.

There is no reason why another attempt cannot be made to prosecute this defendant. As Judge Medina stated in his dissent in United States v. Beltram, 388 F.2d 449, 453 (2d Cir. 1968):

"This [dismissal of indictment subsequent to conviction] would not let appellants go scot free, as there would be time to reindict them and have their guilt or innocence passed upon again on a record not tainted with irregularity."

Because we must reverse and remand, it is unnecessary to reach the sentence appeal aspects of this case.

Reversed and remanded.

ERWIN, Justice (concurring in part, dissenting in part).

I agree that appellant suffered no deprivation of his constitutional right to a speedy trial in the proceedings below. I also agree that this court has jurisdiction to consider the sufficiency of the evidence presented to the grand jury in this case, notwithstanding appellant's earlier failure to pursue his appeal from a habeas corpus ruling on the identical issue. I disagree, however, with the view of the majority that such evidence was insufficient to support an indictment.

In State v. Parks, 437 P.2d 642, 644 (Alaska 1968), this court stated that an indictment would be subject to dismissal if no evidence were presented which rationally established a factual basis for indictment.[1] The test to be employed is whether the evidence presented to the grand jury

is adequate to persuade reasonable minded persons that if unexplained or uncontradicted it would warrant a conviction of the person charged with an offense by the judge or jury trying the offense. (footnote omitted)

*Id.* The *Parks* court held that in meeting this test the state is not confined to evidence admissible at trial. Since hearsay evidence has persuasive force and may furnish a logical basis for a valid conclusion of fact, the court held that such evidence may be sufficient to support a grand jury indictment.

Subsequently, in Burkholder v. State, 491 P.2d 754 (Alaska 1971), we had occasion to test the sufficiency of hearsay evidence presented to the grand jury under the *Parks* rule and we found the evidence to be lacking. In *Burkholder* the only witness appearing before the grand jury was an Alaska State Trooper who testified that a criminal informant had bought 27 grams of hashish from Burkholder for $100, that the informant's reliability was known to the police, and that the informant knew the identity of the appellant. We stated:

Under the *Parks* standard the hearsay testimony presented to the grand jury in the present case is insufficient to support an indictment. At best, only a modicum of credibility can be attributed to the informant-declarant in this case. The name of the informant was not disclosed, the nature and extent of his relationship with the police and the appellant were not revealed, and the circumstances relating to the purchase of hashish from appellant were not explored. Briefly stated, the hearsay testimony presented lacked the probative value required by *Parks*. In such circumstances the hearsay testimony presented cannot 'ra-

---

1. We thus rejected the broad declaration made in Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed. 397, 402–403 (1956), that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits."

tionally establish facts' sufficient to support an indictment as required by *Parks*.

491 P.2d at 758. In short, the evidence before the *Burkholder* grand jury insufficiently detailed the alleged criminal conduct.

My brethren concede that, in the case at bar, the evidence before the grand jury "presented a sufficiently detailed account of criminal activity and the defendant's participation in this activity . . . ." Maj. Op. at 242. Yet the majority concludes that the indictment must be dismissed and a conviction reversed because of "the complete lack of evidence by which the grand jury could evaluate the trustworthiness of the hearsay informant's testimony." Maj. Op. at 243. In none of our previous cases have we required that hearsay evidence presented to the grand jury be corroborated or the hearsay declarant's credibility independently established. Because I believe such a requirement to be both undesirable and unworkable, I dissent.

The requirement of credibility evidence established today is similar to the requirement under the fourth amendment in probable cause hearings where the state relies on an informant's statements to obtain a search or arrest warrant.[2] However, the analogy is not appropriate. The grand jury is a body of laymen, with no judicial officer presiding. That body simply lacks the training and competency necessary to determine legal corroboration. Of necessity the determination of the sufficiency of

the credibility evidence will be made by trial court judges upon motions to dismiss an indictment. Such motions will undoubtedly be forthcoming whenever hearsay evidence is presented to the grand jury. The potential for delay is obvious.

More basically, it seems to me that my brethren have misconceived the essential function of the grand jury as an accusatory body. In Alaska, the grand jury is not charged with determining probable guilt. Rather, as we stated in *Parks*, the grand jury must determine whether the state has presented evidence which, if believed, would warrant a conviction. Questions of reliability and credibility should be left to the crucible of an adversary trial.[3]

In the case at bar I conclude that appellant has not overcome the presumption that the grand jury acted on sufficient evidence[4] and would affirm the challenged conviction.

BOOCHEVER, Justice (concurring).

I concur in the court's opinion that the indictment in this case was defective requiring reversal and remand.

The principal safeguard against requiring one to stand trial as a result of an indictment improperly based on hearsay testimony should come from a proper application of the American Bar Association Standards for Criminal Justice and the commentary quoted in footnote 14 of the court's opinion. The use of hearsay testimony has thus been narrowly limited.

---

2. *E. g.*, Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) ; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

3. The grand jury would, of course, be justified in refusing to indict if the incriminating hearsay declarations were incredible or inherently unbelievable. In this case, however, the grand jury was informed that the informant was the same undercover agent who had been used in a whole series of narcotics cases. We have supplemented the record on our own motion in order to examine the grand jury minutes for the entire grand jury session. That examination reveals that the same in-

formant was used by the police in ten drug cases in which indictments were issued. Therefore, the grand jury was aware, at least to a degree, of the nature and extent of the informant's relationship with the police. I would find this evidence of a "working relationship" and the statement of reliability of the informant by the police officer sufficient to satisfy the minimal test of believability.

4. Sleziak v. State, 454 P.2d 252, 261 (Alaska 1969) ; Merrill v. State, 423 P.2d 686, 695 n. 37 (Alaska 1967) ; State v. Shelton, 368 P.2d 817, 819 (Alaska 1962).

If the stringent requirements for use of hearsay testimony had been met, I would agree with Justice Erwin that where there has been presented a sufficiently detailed account of criminal activity and the defendant's participation in the activity, it is unnecessary that such evidence be corroborated or that the hearsay declarant's credibility be independently established. In this case, however, no reasons have been advanced for the failure to have the witness appear in person before the grand jury and, accordingly, I would base the decision on the absence of any adequate justification for the use of hearsay testimony.