**Raymond David WHITTON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1558.**

Supreme Court of Alaska.

Feb. 23, 1973.

———◆———

Herbert D. Soll, Public Defender and David C. Backstrom, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, and Monroe N. Clayton, Dist. Atty., Fairbanks, for appellee.

Before: RABINOWITZ, C. J., and CONNOR, ERWIN, and BOOCHEVER, JJ.

OPINION

RABINOWITZ, Chief Justice.

The central issue posed by this appeal is whether Raymond David Whitton was denied the right to a speedy trial as guaranteed by the Alaska constitution.[1] In light of the factual context of this record, we conclude that Whitton was denied that right.

In the case at bar, 29 months and 5 days elapsed from the date charges were filed against Whitton to the commencement of his trial for the offense of burglary not in a dwelling. Thus, we find the case at bar is controlled by our previous decision in Glasgow v. State, 469 P.2d 682 (Alaska 1970), as explained in Rutherford v. State, 486 P.2d 946 (Alaska 1971), and State v. Mardock, 490 P.2d 1223 (Alaska 1971).

In *Glasgow*, we held in part that a delay of 14 months in bringing an accused to trial, even though the prosecution was not responsible for the delay, deprived the accused of his right to a speedy trial under the Alaska constitution. *Rutherford* requires that *Glasgow's* speedy trial criteria be applied retroactively. Further, both *Rutherford* and *Mardock* adhered to *Glasgow* in holding that delays in excess of 14 months resulted in deprivations of the right to a speedy trial under our constitution.[2]

Factually, the record discloses the following: Whitton was arrested on January 16, 1969, and on February 18, 1969, was indicted for the offense of burglary not in a

---

1. Alaska Const. art. I, § 11 requires that: "In all criminal prosecutions, the accused shall have the right to a speedy and public trial . . . . "

2. Taggard v. State, 500 P.2d 238, 240 (Alaska 1972); Tarnef v. State, 492 P.2d 109, 112–113 (Alaska 1971); and Nickerson v. State, 492 P.2d 118, 119–121 (Alaska 1971), involved factual situations where the delay in bringing the accused to trial was substantially less than 14 months. We held in these cases that where the period of delay is less than 14 months, the presumption of prejudice employed in *Glasgow*, *Rutherford*, and *Mardock* does not arise, and the accused is required to demonstrate actual prejudice in order to prevail in his assertion of denial of a speedy trial.

dwelling, the subject offense. At the same time, indictments were returned against Whitton, charging him with two separate robberies and use of a firearm in the commission of these offenses. Whitton was arraigned, entered a not guilty plea on April 24, 1969, and the trial of the burglary not in a dwelling offense was set to commence on September 22, 1969. In the interim, Whitton was tried in April of 1969 on one of the robbery and use of a firearm indictments. During the trial, Whitton was arrested for the offense of receiving and concealing stolen property.[3] Whitton's April trial on the robbery and use of a firearm charges resulted in his conviction and concurrent 10-year sentences of imprisonment.[4] On September 22, 1969, the scheduled trial date for the case at bar was vacated. No explanation appears in the record as to the reasons for the vacation.[5] Then, in November 1969, Whitton was tried and acquitted of the offense of receiving and concealing stolen property for which he had been indicted on July 25, 1969.

Approximately one year later, in July 1970, the case at bar was reset for trial to commence on October 5, 1970. In September 1970, Whitton's counsel moved for dismissal of the burglary not in a dwelling charges on the ground that he had been deprived of his right to a speedy trial. The trial court denied the motion. Thereafter, on October 5, 1970, Whitton moved for a continuance until December 7, 1970, to await the decision of this court on appeal of his convictions for robbery and the use of a firearm in the commission of a robbery. Whitton moved, on December 1, 1970, for a further 30-day continuance. This motion was granted and the instant case was continued until January 1, 1971. The state requested a speedy trial on March 22, 1971, and the trial of the burglary charge was again reset, this time to commence on June 21, 1971.[6] Whitton again moved to dismiss the burglary not in a dwelling charge on the asserted ground that he had been denied a speedy trial. This motion was denied and the case went to trial on June 21, 1971, and a verdict of guilty of the offense of burglary not in a dwelling was returned on June 24, 1971.

In Glasgow v. State, 469 P.2d 682, 688 (Alaska 1970), we said that we would exclude any periods of time that were attributable to the accused in calculating pretrial delay in resolving speedy trial challenges under Alaska's constitution.[7] At the outside, Whitton is responsible for 9 months and 9 days of the total delay of 29 months and 5 days which occurred before he was brought to trial on the burglary not in a dwelling indictment. Since the delay not attributable to Whitton exceeds the 14-month period ruled constitutionally impermissible in Glasgow, Rutherford, and Mardock, we must hold that Whitton was denied his right to a speedy trial under Alaska's constitution.[8]

Reversed and remanded with directions to dismiss the indictment.

FITZGERALD, J., not participating.

3. On July 25, 1969, an indictment was returned charging Whitton with the offense of receiving and concealing stolen property.

4. Whitton appealed his convictions to this court. In Whitton v. State, 479 P.2d 302 (Alaska 1970), we reversed and remanded for a new trial. This decision was published on December 23, 1970.

5. The trial date which had been set for Whitton's remaining robbery and use of a firearm charge was also vacated at the same time. Again nothing can be gleaned from the record as to why this action was taken.

6. Subsequent to this setting, Whitton was retried in April 1971, on the robbery and use of a firearm charges which were reversed in Whitton v. State, 479 P.2d 302 (Alaska 1970).

7. See also Taggard v. State, 500 P.2d 238, 240 (Alaska 1972; Rutherford v. State, 486 P.2d 946, 952 n. 15 (Alaska 1971).

8. Our disposition of the speedy trial issue has made unnecessary resolution of other issues in this appeal.