**In the Matter of R.D.S.M, Appellant,**

**v.**

**INTAKE OFFICER, State of Alaska, Appellee.**

**No. 2821.**

Supreme Court of Alaska.

July 1, 1977.

Edward T. Noonan, James E. Swaine, Frederick Torrisi, Fairbanks, and Jeanette Ganousis, St. Louis, Mo., for appellant.

Douglas K. Mertz, Asst. Atty. Gen., Fairbanks and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

BURKE, Justice.

This appeal concerns the right of a child to a "speedy trial" following the filing of a petition alleging that he is a delinquent.

On May 14, 1975, Patrick Aloia, a juvenile intake officer, filed a petition in the superior court alleging that R.D.S.M., appellant, had aided and abetted in the theft of a motorcycle on May 12, 1975, an act bringing him within the provisions of AS 47.10.-010(a)(1),[1] and, if proven, the minor could be adjudged a delinquent minor.[2] Patrick Murphy, R.D.S.M.'s attorney, informed Aloia that the child's mother was moving out of the State of Alaska and that R.D.S.M. wished to accompany her. Aloia agreed to dismiss the petition if R.D.S.M. left the state, but informed him that the petition would be refiled if he returned. This information was conveyed to the superior court on June 2, 1975, in open court, whereupon

---

1. AS 47.10.010(a)(1) provides:

    (a) Proceedings relating to a minor under 18 years of age residing or found in the state are governed by this chapter, except as otherwise provided in this chapter, when the minor

    (1) violates a law of the state, or an ordinance or regulation of a political subdivision of the state;

    .    .    .    .    .

2. AS 47.10.290(2) defines a "delinquent minor" as "a minor whom the court determines is within the provisions of [AS 47.10.010(a)(1)]."

the petition was ordered dismissed without prejudice. R.D.S.M. then departed the state with his mother.

In early November, 1975, Aloia learned that R.D.S.M. had returned to Alaska, when the child was referred to him as a runaway. On November 10 Aloia filed a supplemental petition alleging that R.D.S.M. was a minor in need of supervision in that he "did wilfully and unlawfully absent himself from the care, custody, and supervision of his parents, without his parents' consent. . . ." At a hearing held on November 21, 1975, at the request of the intake officer, the original petition was reinstated. On that date R.D.S.M. admitted the allegations of the runaway petition but denied those contained in the original petition. The superior court adjudged R.D.S.M. to be a child in need of supervision, but withheld disposition on the runaway petition pending resolution of the petition of alleged delinquency.

On November 21, 1975, R.D.S.M.'s attorney received notice that a hearing on the outstanding petition would be held on January 12, 1976. On January 2, 1976, he filed a motion to dismiss the petition based upon R.D.S.M.'s claim that he had been denied a speedy trial. The motion was denied. R.D.S.M. thereupon admitted the allegations of the original petition, reserving the right to appeal the denial of his motion to dismiss.

After being adjudged a delinquent minor, R.D.S.M. filed a timely notice of appeal.

## I

R.D.S.M. first contends that he was denied a speedy trial in violation of the Sixth [3] and Fourteenth [4] Amendments to the Constitution of the United States and Art. I, section 11 of the Constitution of the State of Alaska.[5]

A minor who is the subject of delinquency proceedings, which could result in his incarceration, is entitled to many of the same rights protecting an adult charged with a criminal offense.[6] We readily agree, as does the state,[7] that those rights include the right to a speedy trial.[8] However, we find no merit in appellant's argument that his right to a speedy trial, under either the state or federal constitutions, was violated in this case. The delay that occurred between the filing of the original petition and the reinstatement of that petition was a direct result of R.D.S.M.'s request that he be allowed to leave the state with his mother.[9] The dismissal of the petition, without prejudice, was clearly for the benefit of R.D.S.M., and the product of an agreement obtained by his attorney on his behalf. In addition, R.D.S.M. failed to demonstrate any genuine prejudice resulting from such delay.[10] These facts, and the relatively

---

3. The Sixth Amendment provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."

4. The Sixth Amendment's guaranty of a speedy trial is a fundamental right made obligatory on the states by the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

5. Art. I, section 11 provides in part: "In all criminal prosecutions, the accused shall have the right to a speedy and public trial . . ."

6. *See Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed 346 (1975); *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *R.L.R. v. State*, 487 P.2d 27 (Alaska 1971).

7. The state, in its brief, concedes that minors such as R.D.S.M. have a constitutional right to a speedy trial. The state merely argues that there was no denial of such a right in this case.

8. Although we have never decided this precise issue, our holding is consistent with our past decisions involving the rights of children in delinquency proceedings. *See, e.g., R.L.R. v. State*, 487 P.2d 27 (Alaska 1971).

9. *See Tarnef v. State*, 512 P.2d 923 (Alaska 1973); *Whitton v. State*, 506 P.2d 674 (Alaska 1973); *Taggard v. State*, 500 P.2d 238 (Alaska 1972); *Rutherford v. State*, 486 P.2d 946 (Alaska 1971).

10. *See Whitton v. State*, 506 P.2d 674 (Alaska 1973); *Nickerson v. State*, 492 P.2d 188 (Alaska 1971); *Tarnef v. State*, 492 P.2d 109 (Alaska 1971).

short period of time involved in the delay, compel us to hold that there was no violation of appellant's constitutional right to a speedy trial.

## II

Appellant next contends that the superior court erred in refusing to dismiss the petition under the provisions of Rule 45, Alaska R. Crim.P. At the time of the proceedings giving rise to this appeal, subsection (b) of that rule required that a person charged with a crime "be tried within four months."[11] Since the adjudication hearing on the petition occurred more than four months after he was first arraigned thereon, R.D.S.M. contends that subsection (g) of Rule 45 entitled him to a dismissal. That subsection provides, in pertinent part:

(g) *Absolute discharge.* If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice.

■ In passing on this contention we are first required to determine whether Criminal Rule 45 is directly applicable to delinquency proceedings brought against a minor. Such proceedings are otherwise governed by the provisions of AS 47.10 and the Alaska Rules of Children's Procedure.[12] We hold that it is not.[13] However, even if the rule had been applicable, the trial court correctly found that there was no violation of its terms. While our holding makes it unnecessary for us to address this issue, we think it worthy of comment.

11. Subsection (b) has since been amended to require trial within "120 days." *See also Nickels v. State*, 545 P.2d 163 (Alaska 1976).

12. Neither our statutes nor the Children's Rules contain a provision concerning speedy trial. We intend to study the need for such a provision in our rules of procedure applicable to children's matters.

13. Despite our holding that Rule 45 does not apply directly to children's proceedings, we do consider it a valuable guide in determining whether there has been an impermissible delay.

■ Subsection (d) of Rule 45 provides that certain periods of delay "shall be excluded in computing the time for trial," including "(2) [t]he period of delay resulting from an adjournment or continuance granted at the timely request or with the consent of the defendant and his counsel. . . ." and "(7) . . . periods of delay for good cause." We view the dismissal of the petition without prejudice on June 2, 1975, as the functional equivalent of a "continuance granted at the timely request or with the consent of the defendant and his counsel." Moreover, the considerations that led to our conclusion that there was no violation of R.D.S.M.'s constitutional right to a speedy trial, also convince us that the delay in this case was for "good cause." Thus, Rule 45 would not entitle R.D.S.M. to a dismissal of the charges against him, since the period of time that elapsed between the dismissal of the petition and its reinstatement on November 21, 1975, was an excluded period.

AFFIRMED.[14]

■

We have previously observed that it provides "a reliable index of the kinds of delay which this court will not attribute to the State." *See Tarnef v. State*, 512 P.2d 923, 933 n.17 (Alaska 1973). Although that observation was made in a case involving an adult criminal defendant, it is applicable here.

14. Our resolution of the issues discussed in the text of this opinion makes it unnecessary for us to comment on appellant's remaining contentions.