John Daniel BANGS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–5552.

Court of Appeals of Alaska.

Feb. 16, 1996.

G. Blair McCune, Assistant Public Defender, and John B. Salemi, Public Defender, Anchorage, for Appellant.

Cynthia M. Hora, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., COATS, J., and WOLVERTON, District Court Judge.*

OPINION

BRYNER, Chief Judge.

John Daniel Bangs was convicted in 1980 of murder in the first degree and was sentenced to a term of ninety-nine years' imprisonment. After this court affirmed Bangs' conviction and sentence, *Bangs v. State,* 663 P.2d 981 (Alaska App.1983), Bangs filed an application for post-conviction relief,

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

asserting multiple claims. The superior court denied the application; we subsequently affirmed the superior court's ruling. *Bangs v. State,* Memorandum Opinion and Judgment No. 1982 (Alaska App., March 21, 1990).

In 1994, Bangs again applied for post-conviction relief. His new application asserted that, at Bangs' trial, the prosecution and various prosecution witnesses had improperly "vouched" for the state's case by expressing their opinions as to Bangs' guilt and the credibility of the state's evidence. Bangs also alleged that his prior attorneys had been ineffective in failing to raise this issue at trial, on direct appeal, and in his first post-conviction relief affidavit.

Upon motion by the state, and following notice to Bangs, Superior Court Judge Elaine M. Andrews dismissed Bangs' second application for non-compliance with Alaska Rule of Criminal Procedure 35.1(h), which states:

> All grounds for relief available to an applicant under this rule must be raised in the original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

In ordering the application dismissed, Judge Andrews concluded that Bangs had failed to meet the threshold requirement of showing a "sufficient reason" for his failure to assert his current claim of "vouching" in his prior application for post-conviction relief. Bangs appeals the superior court's dismissal order, arguing that the court erred in finding sufficient reason lacking. We affirm.

■ On appeal, Bangs devotes considerable attention to the issue of what constitutes a "sufficient reason" under Rule 35.1(h) to excuse a failure to raise a claim in a prior post-conviction relief application. In *Billingsley v. State,* 807 P.2d 1102, 1106 (Alaska App.1991), we summarily upheld a superior court finding of sufficient reason under the rule; we found it unnecessary to elaborate on the sufficient reason requirement. In *Merrill v. State,* 457 P.2d 231, 238 (Alaska 1969), *overruled on other grounds, Donnelly v. State,* 516 P.2d 396 (Alaska 1973), the supreme court found "no need ... to catalog sufficient and insufficient excuses" under Rule 35.1(h)'s predecessor, but mentioned "one excuse which is insufficient: The simple failure of counsel to raise a claim of error." These precedents indicate that determining whether a sufficient reason has been shown under Rule 35.1(h) is a matter best left to the trial court's sound discretion, subject to case-by-case appellate review for abuse of discretion. *Cf. Hensel v. State,* 604 P.2d 222, 235 & n. 55 (Alaska 1979) (finding abuse of discretion standard generally applicable in reviewing trial court rulings in post-conviction relief actions).[1]

■ We agree with Bangs that the sufficient reason requirement will almost always, if not always, be met by a showing that the failure to assert a claim in a prior application resulted from ineffective assistance of counsel. We also agree with Bangs that the sufficient reason requirement need not be stringently construed or grudgingly applied—that the requirement encompasses a broad spectrum of possible reasons short of actual incompetence of counsel. However, we think it safe to venture that on the lenient side of the spectrum an applicant's showing of sufficient reason for a late claim must at least negate the possibility of a prior tactical bypass of the claim by either the applicant or applicant's counsel; and the showing must also at a minimum rule out inexcusable neglect or bad faith on the applicant's part.

Bangs' showing fails even these minimal benchmarks. Fourteen years after his conviction, eleven years after that conviction was affirmed on appeal, and four years after the

---

1. Specifically, we decline Bangs' invitation to treat the "sufficient reason" issue as a question of law subject to *de novo* review on appeal. We likewise decline Bangs' request to adopt, as an aid in determining whether a sufficient reason has been shown, the test articulated in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Given the specific language of Rule 35.1(h), we find the *Sanders* test both unnecessary and potentially problematic.

final rejection of his initial post-conviction relief action, Bangs sought to pursue a claim that the state improperly vouched for its case at trial. The claim was not preserved by objection at trial and appears to present issues of routine evidentiary error.[2] Bangs has previously raised a total of at least eleven issues on direct appeal and post-conviction relief; he did not raise the claim he now asserts.

As a sufficient reason for not previously asserting his claim of improper vouching, Bangs alleged that his prior attorneys were ineffective in failing to raise it. Bangs submitted affidavits from two attorneys who handled portions of his first post-conviction relief action and his direct appeal, as well as a letter from the attorney who represented Bangs at trial. Bangs maintains on appeal that these documents make out a *prima facie* case of ineffective assistance of counsel and that, even if they do not, they at least show sufficient reason to excuse his fourteen-year delay.

■ However, Bangs' claim of ineffective assistance is clearly foreclosed as to his trial counsel. In both his direct appeal and his prior post-conviction relief action, Bangs has already unsuccessfully claimed that his trial counsel was ineffective. Moreover, the letter that Bangs submitted from his trial counsel does not support a finding of ineffective assistance. Through time-shrouded memory, trial counsel had "vague recollections" of valid tactical reasons for failing to object to the challenged incidents of vouching.

As to Bangs' representation on direct appeal, Bangs submitted an affidavit prepared by the attorney who briefed Bangs' case at

that stage. In the affidavit, counsel avers that, when he came into the case, he inherited a statement of points on appeal prepared by someone else; because he was then relatively inexperienced, Bangs' new appellate counsel briefed the issues he inherited without adding any. Hence, he failed to discover the vouching issue.

■ But this affidavit falls short of the mark. It does not disclose who prepared and filed the statement of points on appeal that this attorney inherited. If it was Bangs' trial counsel who prepared the points on appeal, then the record would support the conclusion that counsel was aware of the vouching issue and knowingly bypassed it; absent contrary proof, we are required to presume that counsel's tactical reasons were sound. *State v. Jones*, 759 P.2d 558, 569 (Alaska App.1988). If it was some other, undisclosed attorney,[3] then, for reasons that are unexplained, Bangs has failed to account for that attorney's failure to discover or raise the vouching issue. Specifically, Bangs has failed to rule out the possibility that this unnamed attorney discovered the issue and rejected it, either as unworthy or on some other ground.

■ In either event, regardless of whether it was trial counsel or someone else who prepared the points on appeal, Bangs presents no information to establish that the attorney who briefed his case on direct appeal provided constitutionally deficient representation in accepting and relying on the tactical decisions made by the attorney who formulated those points.[4]

Similar problems arise with regard to the affidavit of the attorney who represented

---

2. In this regard, it is unclear how the issue could be encompassed within the limited number of constitutional, jurisdictional, or otherwise fundamental categories of claims that may be asserted in a Rule 35.1 application. *See* Alaska R.Crim.P. 35.1(a)(1)–(7). Bangs summarily claims that improper "vouching" can violate a defendant's constitutional right to due process. But virtually any common evidentiary mistake could be dressed in this loose rhetorical garb and paraded as constitutional error. Bangs cites no authority for the proposition that an ordinary claim of improper vouching is cognizable in the context of a post-conviction relief application.

3. This seems more likely, since Bangs' direct appeal included a claim of ineffective assistance

against his trial counsel, and the attorney who wrote Bangs' brief has now attested that he briefed the points on appeals he inherited without adding new issues. It seems unlikely—though perhaps not inconceivable—that Bangs' trial counsel would have raised a claim of ineffective assistance against himself.

4. We do not suggest that an attorney who enters an appearance in a case for purposes of appeal can blindly rely on trial counsel's suggestions, with no duty to conduct an independent review and evaluation of the record for additional points. However, the nature and scope of an attorney's obligations cannot be gauged in the abstract, but must be evaluated in the full factual context of the specific case at hand; for "[a]n

Bangs in the first post-conviction relief action. This attorney attested that Bangs initiated the post-conviction relief action on his own; that Bangs had another inmate who helped him with his pleading. When counsel entered the case, another attorney had already represented Bangs in connection with the action. By then, "Bangs already had determined the grounds for seeking postconviction relief[.]" Counsel spoke with Bangs and went over the issues with him; they agreed to consolidate some of the issues. Counsel briefed those issues and looked for no others because he had been "appointed to the case relatively late in the process." He understood that he had been appointed to assist Bangs with the issues already raised.

Missing here is any account of who selected the issues in Bangs' first application, how and why they were selected, what other issues were considered and rejected, and how counsel got the impression that Bangs wanted him to do nothing more than pursue the issues already raised. Bangs has utterly failed to explain how and when he discovered the issue he now seeks to pursue. He has provided no assurance that he was not personally aware of the vouching issue when he decided upon the issues to be included in his first application; nor has he given assurance

that others who might have assisted him were not so aware. Bangs gives no indication that he did not previously elect to omit the vouching issue. And he provides nothing to show that his attorney misconstrued Bangs' desires in connection with the claims to be pursued in the first application—in other words, that counsel did not do precisely what Bangs asked for.

Most of the missing information would presumably be within the scope of Bangs' personal knowledge. As an applicant for post-conviction relief, Bangs was expressly required to support his application by a sworn statement disclosing all relevant information within his own knowledge: "Facts within the personal knowledge of the applicant shall be set forth separately from other allegations of facts and shall be under oath." Alaska ·R.Crim.P. 35.1(d). Yet conspicuously absent from the record is any statement by Bangs himself. Without such a statement, neither the superior court nor this court is given any ground for concluding that Bangs has proceeded in good faith and acted with due diligence in connection with his failure to raise the "vouching" claim in his first post-conviction relief application. There is likewise no ground for concluding that Bangs' counsel acted incompetently or unreasonably.[5]

---

informed decision on the issue of competence can be made only with full knowledge of the reasoning and information upon which counsel chose to act." *Jones*, 759 P.2d at 569. In the circumstances at issue here, the reasonableness of the appellate attorney's conduct might vary depending on the circumstances surrounding the preparation of the inherited points on appeal, any communications that might have occurred between the attorney who prepared the points and that attorney's successor, and any communications between either attorney and Bangs himself. *Cf. Id.* ("The reasonableness of counsel's actions may be determined or influenced by the defendant's own statements or actions[.]") (quoting *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984)).

With virtually no information concerning the circumstances surrounding the preparation of the points on appeal in this case, neither this court nor the superior court had any basis for presuming—from the mere fact of appellate counsel's reliance on the inherited points on appeal—that the attorney who briefed Bangs' appeal acted incompetently.

5. Bangs' argument on appeal seems to assume that, in light of the requirement that an applicant

for post-conviction relief raise all available grounds for relief in the initial application, Alaska R.Crim.P. 35.1(h), an attorney appointed to assist the applicant has a duty to protect the applicant's rights by initiating, *sua sponte*, an independent review of the entire trial and appellate record in search of potential grounds. Bangs cites no authority to support such a conclusion, and, indeed, no authority at all addressing the scope of an attorney's duties under circumstances similar to those at issue in this case. We again note, however, that the nature and scope of an attorney's duties to a client cannot be determined in the abstract. *See* n. 4, *supra*. And we again emphasize that Bangs has failed to set forth sufficient facts to allow any informed assessment of the reasonableness of his attorney's conduct in connection with the first application.

In this regard, Bangs' case is readily distinguishable from *Billingsley v. State*, 807 P.2d 1102, 1105–06 (Alaska App.1991), where we upheld a trial court finding of sufficient reason under Rule 35.1(h) based on concrete evidence that prior counsel's limited efforts in assisting on an earlier post-conviction relief application were specifically attributable to circumstances beyond Billingsley's control: a narrowly drawn order of

Before concluding that Bangs had failed to show sufficient reason for failing to assert his "vouching" claim earlier, the superior court afforded Bangs ample opportunity to amend and supplement his application on this point. The superior court ultimately concluded that, despite this opportunity, Bangs "remain[ed] unclear about the reasons the issue was omitted from prior [a]pplications." We are convinced that the record supports this conclusion. Accordingly, we hold that the superior court did not abuse its discretion in declining to find sufficient reason to excuse Bangs' tardy claim.

The superior court's order dismissing Bangs' application is AFFIRMED.

MANNHEIMER, J., not participating.

appointment and a contractual agreement requiring prior counsel to confine representation to the narrow scope prescribed by the court.