**Sidney R. HERTZ, Appellant.**

v.

**STATE of Alaska, Appellee.**

**No. A–7279.**

Court of Appeals of Alaska.

Sept. 15, 2000.

Sidney R. Hertz, in propria persona, Florence, Arizona, for Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, STEWART, Judge, and RABINOWITZ, Senior Supreme Court Justice.*

*O P I N I O N*

STEWART, Judge.

On December 10, 1998, Sidney R. Hertz filed a complaint in the Anchorage Superior Court entitled "Application for Writ of Habeas Corpus for Ineffective Assistance of Counsel." On December 31, 1998, Superior Court Judge Elaine M. Andrews issued a *sua sponte* order that directed Hertz to refile his complaint as an application for postconviction relief under Criminal Rule 35.1. Hertz claims that Judge Andrews erred by issuing this order. We disagree and affirm the order of the superior court.

*Facts and proceedings*

In 1984, Sidney R. Hertz was indicted on one count of first-degree murder. Following a jury trial, Hertz was convicted of second-degree murder. Superior Court Judge J. Justin Ripley sentenced Hertz to a forty-year term and restricted Hertz's parole eligibility for twenty years. On direct appeal, Hertz challenged his conviction and sentence, which this court affirmed.[1]

Hertz has also filed several applications for post-conviction relief. We affirmed the eventual denial or dismissal of each of Hertz's previous post-conviction relief applications. *See Hertz v. State,* 755 P.2d 406 (Alaska App.1988) (remanding with instructions that Hertz be afforded assistance of counsel in pursuing his initial post-conviction relief application); *Hertz v. State,* Memorandum Opinion and Judgment No. 2358 (Alaska App., February 19, 1992);[2] *Hertz v. State,* Memorandum Opinion and Judgment No. 2477 (Alaska App., July 29, 1992);[3] *Hertz v. State,* Memorandum Opinion and Judgment No. 3069 (Alaska App., January 11, 1995);[4] *Hertz v. State,* Memorandum Opinion and Judgment No. 3880 (Alaska App., September 2, 1998).[5] We also upheld the superior court's denial of Hertz's motion to modify his

---

* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

1. *See Hertz v. State,* Memorandum Opinion and Judgment No. 1225 (Alaska App., September 10, 1986). In that case, this court also concluded that: the trial court did not amend the indictment by instructing the jury on second-degree murder; the trial judge did not err in instructing the jury on second-degree murder over defense objection; Hertz's claim that the second-degree murder instruction was incorrect was without merit; the trial court did not err in instructing the jury that voluntary intoxication did not negate the culpable mental state for extreme indifference murder; and Hertz did not establish prosecutorial misconduct. *Id.* at 4–6.

2. In *Hertz,* MO & J No. 2358, this court concluded that Hertz had waived his right to counsel and had moved to dismiss his post-conviction relief application.

3. In *Hertz,* MO & J No. 2477, this court concluded that the superior court did not err in dismissing Hertz's February 1991 post-conviction relief application, in which he asserted in part that the trial court erred in instructing the jury on the lesser-included offense of second-degree murder.

4. In *Hertz,* MO & J No. 3069, Hertz challenged the superior court's dismissal of his third post-

conviction relief application, in which he raised eight claims: (1) that he received ineffective assistance of counsel on the merit appeal; (2) that the trial court erred in instructing the jury on the lesser included offense of second-degree murder; (3) that the second-degree murder instruction constructively amended the indictment; (4) that Hertz received ineffective assistance of counsel in pursuing his post-conviction relief claims; (5) that Hertz had a conflict of interest with the Public Defender Agency; (6) that Hertz received ineffective assistance of counsel from the Public Defender Agency; (7) that the superior court erred in denying his request for resubmission of the murder weapon to the FBI to test for fingerprints; (8) that the superior court denied Hertz access to the courts. *Id.* at 3 n. 2. This court affirmed the superior court's dismissal of Hertz's third post-conviction relief application, explaining that Hertz had previously filed for post-conviction relief and had not advanced a "sufficient reason" for failing to raise his claims in his earlier application, that some of the issues had been decided, and that some issues had been waived by Hertz. *Id.* at 2–3.

5. In *Hertz,* MO & J No. 3880, this court upheld the superior court's dismissal of Hertz's fourth application for post-conviction relief that raised claims that had been raised in earlier applications for post-conviction relief.

sentence. *See Hertz v. State,* Memorandum Opinion and Judgment No. 3828, 1998 WL 288265 (Alaska App., June 3, 1998).[6]

Here, Hertz appeals the superior court's order directing him to refile his complaint as an application for post-conviction relief. Hertz argues that this order effectively dismisses his complaint for habeas corpus. As Hertz concedes, the grounds for relief that he asserts below were raised (and rejected) in his earlier applications for post-conviction relief. He points out that under AS 12.72.020(a),[7] his pending application for post-conviction relief is subject to dismissal.

*Discussion*

Judge Andrews relied on Civil Rule 86(m) (the rule governing habeas corpus procedures) to direct Hertz to refile his complaint as an application for post-conviction relief. Civil Rule 86(m) provides:

> This rule does not apply to any post-conviction proceeding that could be brought under Criminal Rule 35.1. The

court shall treat such a complaint as an application for post-conviction relief under Criminal Rule 35.1 and, if necessary, transfer the application to the court of appropriate jurisdiction for proceedings under that rule.

Hertz contends that Judge Andrews could not apply this rule to order him to refile his complaint as an application for post-conviction relief. Hertz claims that a trial judge can order a complaint for habeas corpus to be refiled as an application for post-conviction relief only if it "could be brought under Criminal Rule 35.1." Because his pending application is subject to dismissal under several subsections of AS 12.72.020(a), he claims that his complaint for habeas corpus is not one that "could be brought under Criminal Rule 35.1." Given this circumstance, Hertz concludes that Judge Andrews could not apply Civil Rule 86(m) to his case because his case is likely to be dismissed if it is processed as an application for post-conviction relief.[8]

---

**6.** In *Hertz,* MO & J No. 3828, this court rejected Hertz's position that application of newly amended Criminal Rule 35.1 to his case was an unconstitutional *ex post facto* violation. *Id.* at 3–4. And, this court concluded that the trial court did not err in dismissing Hertz's motion to correct or modify his sentence. *Id.* at 4.

**7.** AS 12.72.020(a) provides:

A claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if

(1) the claim is based on the admission or exclusion of evidence at trial or on the ground that the sentence is excessive;

(2) the claim was, or could have been but was not, raised in a direct appeal from the proceeding that resulted in the conviction;

(3) the later of the following dates has passed, except that if the applicant claims that the sentence was illegal there is no time limit on the claim:

(A) if the claim relates to a conviction, two years after the entry of the judgment of the conviction or, if the conviction was appealed, one year after the court's decision is final under the Alaska Rules of Appellate Procedure;

(B) if the claim relates to a court revocation of probation, two years after the entry of the court order revoking probation or, if the order revoking probation was appealed, one year after the court's decision is final under the Alaska Rules of Appellate Procedure;

(4) one year or more has elapsed from the final administrative decision of the Board of

Parole or the Department of Corrections that is being collaterally attacked;

(5) the claim was decided on its merits or on procedural grounds in any previous proceeding; or

(6) a previous application for post-conviction relief has been filed under this chapter or under the Alaska Rules of Criminal Procedure.

**8.** Under former Criminal Rule 35.1(h), which governed post-conviction relief procedures and was less restrictive than the legislation that enacted AS 12.72.020, the superior court could have properly denied Hertz's application. That rule provided:

**Waiver of or Failure to Assert Claims.** All grounds for relief available to an applicant under this rule must be raised in the original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Under former Rule 35.1(h), petitioners were barred from pursuing claims that could have been raised in a previous post-conviction relief application, absent a showing of a "sufficient reason" for not raising the claims. *See Thomp-*

Under Criminal Rule 35.1, a person may apply for post-conviction relief if the person claims "that the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of Alaska[.]"[9] Also, Criminal Rule 35.1 provides that the post-conviction procedure regulated by the rule "is intended to provide a standard procedure for accomplishing the objectives of all of the constitutional, statutory or common law writs."[10]

■ In Hertz's superior court pleadings, he challenges the validity of his conviction and sentence by claiming ineffective assistance of counsel on his direct appeal. He argues generally that his appellate attorney's overall performance was poor and specifically that the attorney should have addressed Judge Ripley's refusal to instruct the jury on self-defense. These incompetence of counsel claims are grounded in the Sixth Amendment and article I, section 11 of the Alaska Constitution. Thus, Judge Andrews did not err in applying Civil Rule 86(m) to Hertz's complaint because, in that complaint, Hertz sought relief on the constitutionally-based claim of ineffective assistance of counsel. Because Hertz's complaint for habeas corpus relief could be brought under Criminal Rule 35.1, Judge Andrews properly applied Civil Rule 86(m) to direct Hertz to refile his action as an application for post-conviction relief.

■ Furthermore, we reject Hertz's claim that Civil Rule 86(m) cannot apply to an action that could be brought pursuant to Criminal Rule 35.1 but that might later be dismissed because of a substantive or procedural shortcoming. Hertz provides no authority for such an interpretation. And Hertz points to nothing in the rules to support this reading of Rule 86(m). In addition,

that reading would subvert the legislature's intent underlying AS 12.72.020 and the amendment to Criminal Rule 35.1. There is substantial evidence that the legislature intended to limit successive applications for post-conviction relief in any one case. Governor Knowles' transmittal letter of February 27, 1995, accompanying House Bill 201 provides evidence of this legislative intent:

> [This bill] set[s] limits on the ability of prisoners to challenge their convictions years after they have already pursued normal appellate procedures and lost. After a prisoner loses on direct appeal, current law allows the prisoner to pursue a second or third round of challenges in state court.... This bill seeks to reduce the number of third and subsequent rounds of challenges currently allowed under state law. This would limit most prisoners to one direct appeal and one set of post-conviction relief proceedings in the state court system and one set of post-conviction relief proceedings in the federal system.[11]

■ Hertz also states that ordering him to refile his complaint as an application for post-conviction relief amounts to an unconstitutional suspension of the writ of habeas corpus. But Hertz has not explained how refiling his action as an application for post-conviction relief amounts to a suspension of the writ. The procedures that must be followed under Criminal Rule 35.1 provide an orderly method for considering collateral attacks on a person's conviction. Hertz has not argued that the process established by Criminal Rule 35.1 or its predecessors is or was inadequate to litigate his claims.[12]

Furthermore, it is not enough for Hertz to claim that he faces dismissal under the post-conviction relief procedure and that the im-

---

son v. State, 496 P.2d 651, 654–55 (Alaska 1972); Bangs v. State, 911 P.2d 1067, 1069 (Alaska App. 1996); Billingsley v. State, 807 P.2d 1102, 1106 (Alaska App.1991). Under former Rule 35.1, Hertz would be precluded from filing a post-conviction relief application because he did not assert a "sufficient reason" for failing to raise his current claims for post-conviction relief in his prior applications, as required by that rule.

9. Alaska Rule of Criminal Procedure 35.1(a)(1).

10. Alaska Rule of Criminal Procedure 35.1(b).

11. 1995 House Journal 490. A transmittal letter constitutes substantial evidence of legislative intent. See Flisock v. State, 818 P.2d 640, 645 (Alaska 1991); 2A Norman J. Singer, Sutherland Statutory Construction § 48.05 (5th ed.1992).

12. See Taggard v. State, 500 P.2d 238, 241 n. 7 (Alaska 1972) (The "writ of habeas corpus is an extraordinary remedy and will not ordinarily be granted when there is another adequate remedy.").

pending dismissal amounts to a suspension of the writ. Many jurisdictions, including Alaska, have imposed limits on post-conviction relief claims.[13] Both time limits and procedural bars to successive post-conviction relief applications have been upheld. In *Felker v. Turpin*, the Supreme Court ruled that a statutory limitation on successive applications for habeas corpus relief did not violate the Suspension Clause of the Constitution.[14] And in *McCleskey v. Zant*, the Supreme Court ruled that it was an abuse of the writ, and therefore prohibited, to file successive habeas corpus claims without any explanation of why the petitioner did not raise the claims in his original application.[15] Other states have upheld limitations on successive post-conviction relief claims. In *Kills on Top v. State*, the Montana Supreme Court ruled that grounds that a petitioner could reasonably have raised on appeal are procedurally barred from consideration in a post-conviction relief proceeding.[16] In *Dromiack v. Warden, Nevada State Prison*, the Nevada Supreme Court ruled that courts need not consider successive post-conviction relief applications, unless the grounds for relief could not reasonably have been raised in the original petition.[17] Hertz has offered no convincing authority or argument why a similar limitation under Alaska law would violate the anti-suspension clause of Article I, Section 13 of the Alaska Constitution.

■ Still, Hertz maintains that he should be able to pursue his action in habeas corpus and avoid the impending statutory bars in AS 12.72.020(a). To support this argument, Hertz highlights a line from our supreme court's decision in *McCracken v. Corey*: "Historically, res judicata did not operate as a bar to habeas corpus."[18] Hertz also stresses another quote from *McCracken*:

It is of the historical essence of habeas corpus that it lies to test proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void. Hence, the familiar principle that res judicata is inapplicable in habeas corpus proceedings ... is really but an instance of the larger principle that void judgments may be collaterally impeached.[19]

We agree with that general premise—that a person held under a void judgment can seek redress in habeas corpus. We also recognize that AS 12.72.020(a) established explicit limitations on successive applications for post-conviction relief. Arguably, if a post-conviction relief applicant raised a claim that the underlying criminal judgment was void, a procedural bar under AS 12.72.020(a) might be unconstitutional.[20]

But Hertz acknowledges that he has previously raised his pending claims. Furthermore, Hertz does not maintain that the superior court lacked personal or subject matter jurisdiction of his case nor any other claim that the superior court's judgment is otherwise void. Hertz's application below claims that his attorney's assistance during the direct appeal of his conviction was deficient. But this is not an attack that claims that the superior court's judgment is void. Because Hertz's application did not claim that the underlying judgment was void, his claim that

---

**13.** *See, e.g.,* Colo.Rev.Stat.Ann. § 16–5–402 (West 1998); Fla.Stat.Ann. § 3.850; Idaho Code § 19–4902 (West Supp.1998); 725 Ill.Comp.Stat.Ann. para. 5/122–1 (West 1992); Iowa Code Ann. § 822.3 (West 1994); Miss.Code Ann. § 99–39–5(2) (Supp.1996); Mo.R.Crim.P. 24.035, 29.15; Nev.Rev.Stat.Ann. § 34.800 (Michie 1996); N.J.Crim.Prac.Rule 3:22–12; Or.Rev.Stat. § 138.510 (1997); S.D. Codified Laws § 21–27–3.2 (Michie Supp.1997); Utah Code Ann. § 78–35a–107 (1996); Wyo.Stat.Ann. § 7–14–103 (Michie 1997).

**14.** *See Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

**15.** *See McCleskey v. Zant*, 499 U.S. 467, 488, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

**16.** 273 Mont. 32, 901 P.2d 1368, 1385–87 (1995).

**17.** 97 Nev. 348, 630 P.2d 751, 751–52 (1981).

**18.** 612 P.2d 990, 992 (Alaska 1980).

**19.** *Id.* at 992 (*quoting Fay v. Noia*, 372 U.S. 391, 423, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)) (citations omitted).

**20.** *See, e.g., McCracken v. Corey*, 612 P.2d 990, 992 n. 6 (Alaska 1980); *Taggard v. State*, 500 P.2d 238, 242 (Alaska 1972); *Perry v. State*, 429 P.2d 249, 251–52 (Alaska 1967).

the superior court suspended the writ of habeas corpus by directing him to refile his complaint as an application for post-conviction relief is without merit.

*Conclusion*

The judgment of the superior court is AFFIRMED.

MANNHEIMER, Judge, not participating.