Daniel Paul **FISHER**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–11376.

Court of Appeals of Alaska.

Dec. 20, 2013.

Daniel Fisher, pro se, Wailuku, Hawaii.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and HANLEY, District Court Judge.*

## OPINION

ALLARD, Judge.

Daniel Paul Fisher filed a petition for writ of habeas corpus, raising issues that could be pursued in an application for post-conviction relief under Alaska Rule of Criminal Procedure 35.1. The superior court reviewed Fisher's habeas petition and sua sponte dismissed it, instructing Fisher to refile his claim as an application for post-conviction relief. Fisher filed a motion for reconsideration, pointing out that Alaska Rule of Civil Procedure 86(m) requires the court to treat a habeas corpus petition as an application for post-conviction relief if the claims can be brought under Criminal Rule 35.1. Relying on *Hertz v. State*, [1] the superior court denied Fisher's motion for reconsideration.

Fisher appeals, arguing the superior court should have converted his petition to an application for post-conviction relief. Because Civil Rule 86(m) requires the court to treat Fisher's petition for habeas corpus as an

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

application for post-conviction relief, we reverse the dismissal of Fisher's case.

*Discussion*

Alaska Rule of Civil Procedure 86 governs petitions for writs of habeas corpus. Subsection (m) states:

This rule does not apply to any post-conviction proceeding that could be brought under Criminal Rule 35.1. The court shall treat such a complaint as an application for post-conviction relief under Criminal Rule 35.1 and, if necessary, transfer the application to the court of appropriate jurisdiction for proceedings under that rule.

As the superior court correctly noted, Fisher's petition for writ of habeas corpus involved claims that could be raised in a post-conviction relief action under Criminal Rule 35.1. Pursuant to Civil Rule 86(m), the superior court therefore should have converted Fisher's petition into an application for post-conviction relief and allowed Fisher the opportunity to amend his application to conform with the requirements of Criminal Rule 35.1. Instead, the superior court dismissed Fisher's petition without prejudice and instructed him to file an application for post-conviction relief.

The State argues that there is no direct conflict between the superior court's actions and Civil Rule 86(m) because the superior court's order was not intended to dismiss Fisher's *case;* it was only intended as a "pleading requirement" requiring Fisher to file a new application that conformed to the requirements of Criminal Rule 35.1(d). The State asserts that under the rules of civil procedure (which govern both habeas petitions and post-conviction applications), the dismissal of a complaint does not necessarily operate to dismiss the entire case. The State therefore argues that the superior court acted within its discretion in dismissing Fisher's non-conforming pleading (the habeas petition) and requiring him to file a new pleading that conformed to the requirements of Criminal Rule 35.1.

---

1. 8 P.3d 1144 (Alaska App.2000).

Although the State may be correct about the superior court's intentions, it is clear that the court system as a whole treated the superior court's order as a dismissal of Fisher's entire case. After the court issued its order, Fisher's case was closed by the clerk's office. To obtain any relief from the superior court, Fisher therefore needed to do more than just file a pleading that conformed to the requirements of Criminal Rule 35.1. He also needed to file all of the paperwork required to initiate a new case with an entirely new case number, including payment of a new filing fee (or the documentation required for waiver of the fee).

Moreover, when Fisher filed his motion for reconsideration pointing out that Civil Rule 86(m) required the superior court to convert his action rather than simply dismiss it, the superior court did not respond with an explanation that the action had been converted to a Criminal Rule 35.1 action and that the court was simply directing Fisher to file the necessary paperwork and amended pleadings. Instead, the court ruled that under *Hertz v. State*, [2] the court had the discretion to dismiss the case and direct the defendant to file a new application for post-conviction relief. The court apparently interpreted Hertz as giving the lower courts this authority, notwithstanding the mandatory nature of the directive in Civil Rule 86(m).[3]

But this is a misreading of the holding in *Hertz*. In *Hertz*, the superior court ruled that the defendant's petition for writ of habeas corpus involved claims that could be raised under Criminal Rule 35.1. The superior court dismissed the petition and directed Hertz to re-file his claims as an application for post-conviction relief. Hertz appealed, but not on the ground that the superior court should have treated his habeas petition as an application for post-conviction relief under Civil Rule 86(m). Instead, Hertz argued that the superior court was wrong on the underlying question of whether his claims could be brought through a habeas petition. We af-

firmed, holding that Hertz's claims were cognizable under Criminal Rule 35.1 and therefore could only be brought as an application for post-conviction relief.[4] We did not address the fact that the superior court had dismissed the habeas petition rather than converting it as required under Civil Rule 86(m) because that issue was not before us.

■ *Hertz* therefore does not stand for the proposition that the courts are within their discretion to dismiss rather than convert a habeas petition. To the contrary, the courts are obligated to follow the clear and mandatory directive of Civil Rule 86(m), and when, as here, a defendant files a habeas petition that could be brought under Criminal Rule 35.1, the court is required to "treat such a complaint as an application for post-conviction relief under Criminal Rule 35.1 and, if necessary, transfer the application to the court of appropriate jurisdiction for proceedings under that rule."

### Conclusion

We REVERSE the superior court's judgment and REMAND Fisher's case for further proceedings in accordance with this decision.

---

2. 8 P.3d 1144 (Alaska App.2000).

3. *See also Harmon v. State*, 2012 WL 1580776, at *2 (Alaska App. May 2, 2012) (unpublished); *Braswell v. State*, 2001 WL 456091, at *2 (Alaska

App. May 2, 2001) (unpublished) (recognizing mandatory nature of directive to convert the action rather than to dismiss it).

