NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

GLENN OLSON,

                    Appellant,

            v.

STATE OF ALASKA,

                    Appellee.

Court of Appeals No. A-12141
Trial Court No. 3DI-14-097 CI

O P I N I O N

No. 2521 — September 23, 2016

Appeal from the Superior Court, Third Judicial District, Dillingham, Patricia L. Douglass, Judge.

Appearances: Glenn Olson, *in propria persona*, Wasilla, for the Appellant. Michael Sean McLaughlin, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

            This appeal requires us to decide whether a criminal judgement is "void" (as that term is used in habeas corpus jurisprudence) if, at the defendant's trial, the

---

            [*]      Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

government relied on evidence obtained in violation of the Fourth Amendment. For the reasons explained here, we conclude that such judgements are not void.

*Underlying facts of the case, and Olson's direct appeal*

In 2010, Glenn Olson was convicted of second-degree sexual assault and fourth-degree assault (upon different victims). Olson appealed these convictions to this Court, and we affirmed his convictions in *Olsen v. State*, unpublished, 2013 WL 596524 (Alaska App. 2013).

(Our prior decision uses the spelling "Olsen" because Olson himself used that spelling of his name when he litigated the earlier appeal. Olson represented himself in that appeal and, in all of his pleadings, he styled himself "Glenn:Olsen". See Court of Appeals File No. A-10782. Olson again represents himself in the current appeal, but he now spells his name "Glenn Olson".)

As we described in our 2013 decision in *Olsen*, Olson was present at a Dillingham residence along with two other men and a woman. Olson told the two men to leave the house, and then he grabbed the woman by the hair and pulled her toward the bedroom. When the two men tried to intercede on the woman's behalf, Olson fought them off. The two men then went to a neighbor's house and summoned the police.

When the police officers arrived, they found the two men outside, and they heard yelling from inside the residence. The men told the officers that Olson had threatened them with a knife. Based on this information, the officers entered the house. In a bedroom, the officers found the woman face-down on a mattress, with her pants and underwear pulled down, and with Olson on top of her. The woman was so drunk that, even when the officers intervened to stop the assault, she could not coherently converse with the officers.

Based on these events, the State charged Olson with sexual assault in the second degree (for sexually assaulting the woman while she was incapacitated), and with assault in the fourth degree (for assaulting one of the men).

Prior to trial, Olson filed a motion to suppress all of the evidence that the police observed or discovered inside the house. Olson claimed that the police illegally entered the residence because (1) they entered without permission and (2) there were no exigent circumstances to justify the entry. Following an evidentiary hearing, the superior court concluded that the officers' entry was justified by exigent circumstances, in that the officers had reasonable grounds to believe that an assault was occurring inside the house.

(See *State v. Gibson*, 267 P.3d 645, 659 (Alaska 2012), where our supreme court explained the "emergency aid" doctrine — the doctrine that authorizes police officers to enter a residence without a warrant when they "have reasonable grounds to believe there is an emergency at hand and an immediate need for their assistance in the protection of life or property".)

Following Olson's conviction on the sexual assault and assault charges, he filed an appeal in which he argued (among other things) that the superior court should have granted his suppression motion. More specifically, Olson argued that the officers who entered the residence had no grounds for believing that there was an ongoing emergency, and that they had no other justification for entering the residence without a warrant.

In our decision in *Olsen*, we concluded that, under the facts found by the superior court, the officers' warrantless entry into the residence was justified under the

emergency aid doctrine. See *Olsen* at *3; see also this Court's later order denying Olson's petition for rehearing. [1]

*Olson's petition for post-conviction relief, and his current petition for writ of habeas corpus*

In 2014 (*i.e.*, after this Court affirmed Olson's convictions on direct appeal), Olson filed a petition for post-conviction relief — superior court file number 3DI-14-040 CI — in which he attacked his convictions on the ground that much of the evidence against him was the fruit of an allegedly unlawful arrest. The superior court dismissed this petition because it was barred by the provisions of AS 12.72.020(a).

Olson then filed a petition for writ of habeas corpus (the present case), again attacking his convictions on the ground that much of the evidence against him was the fruit of an allegedly unlawful arrest. The superior court ruled that this habeas corpus action was barred by law, and Olson now appeals the superior court's dismissal of his habeas corpus petition.

In his brief to this Court, Olson acknowledges that he was barred from raising his illegal arrest claim in a petition for post-conviction relief. Under AS 12.72.020(a), post-conviction relief litigation can not be based on a challenge to the

---

[1] "[This Court] upheld the officers' entry [into the residence] because we concluded that, under the facts found by the superior court, the entry was justified under the emergency aid exception to the warrant requirement." Order [on] Petition for Rehearing dated April 1, 2013 (concurrence of Judge Mannheimer).

evidence that was admitted at the defendant's trial,[2] nor can it be based on a claim that was raised on direct appeal.[3]

But Olson argues that, precisely because he is barred from pursuing his illegal arrest claim in post-conviction relief litigation, he is authorized to pursue this claim in a petition for writ of habeas corpus.

Olson acknowledges that, under Alaska Civil Rule 86(m), petitions for post-conviction relief have largely superseded writs of habeas corpus as the method for collaterally attacking a criminal conviction.[4] He also acknowledges that in *Hertz v. State*, 8 P.3d 1144 (Alaska App. 2000), this Court held that a criminal defendant is generally not entitled to pursue habeas corpus litigation in instances where a petition for post-conviction relief would be barred.

But Olson relies on a passage from *Hertz* where this Court stated that if a defendant claims that the judgement against them is *void*, then the defendant might be entitled to pursue a petition for writ of habeas corpus even though an action for post-conviction relief would be barred:

> It is of the historical essence of habeas corpus that it lies to test proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void. Hence, the familiar principle that *res judicata* is inapplicable in habeas corpus proceedings ... is really but an instance of the larger principle that void judgments may be

---

[2]  AS 12.72.020(a)(1).

[3]  AS 12.72.020(a)(2).

[4]  See *Grinols v. State*, 10 P.3d 600, 609-610 (Alaska App. 2000), where this Court upheld the constitutionality of Civil Rule 86(m) against the contention that it constituted an unlawful limitation or suspension of the writ of habeas corpus.

collaterally impeached. [Quoting *McCracken v. Corey*, 612 P.2d 990, 992 (Alaska 1980).]

> We agree with that general premise — that a person held under a void judgment can seek redress in habeas corpus. ... Arguably, if a post-conviction relief applicant raised a claim that the underlying criminal judgment was void, a procedural bar under AS 12.72.020(a) might be unconstitutional.

*Hertz*, 8 P.3d at 1148.

Olson contends that he falls under this exception. He argues that he was unlawfully arrested, that much of the evidence against him should have been suppressed as the fruit of this unlawful arrest, and that therefore the resulting judgement entered against him is void. And because the judgement is purportedly void, Olson claims that he is entitled to attack that judgement via a petition for writ of habeas corpus, even though he would be barred from petitioning for post-conviction relief based on this same claim of illegal arrest.

### *Why we reject Olson's claim that his judgement is "void"*

Olson's argument ultimately rests on the premise that a criminal conviction is "void" if the prosecution's case was based on evidence obtained in violation of the Fourth Amendment. This premise is mistaken. Although there is no Alaska appellate case on point, the courts of other states have consistently held that the government's use of evidence obtained through an unlawful search or seizure does not make the resulting judgement "void" for purposes of habeas corpus law.

See *Munnerlyn v. State*, unpublished, 2014 WL 260986, *2 (Ark. 2014); *Smith v. State*, unpublished, 1983 WL 1015, *1 (Ark. 1983); *People v. Cahan*, 287 P.2d

6, 7 (Cal. App. 1955); *Hamm v. Jones*, 353 S.W.2d 544, 545 (Ky. App. 1962); *State v. Dunn*, 74 S.E. 1014 (N.C. 1912); *Lowe v. Fortner*, unpublished, 2012 WL 1080274, *3 (Tenn. Crim. App. 2012); *Archer v. State*, 851 S.W.2d 157, 160 n. 2 (Tenn. 1993).

This principle — that the introduction of evidence obtained in violation of the Fourth Amendment does not make a resulting judgement "void" — is mirrored in the Alaska Supreme Court's decision in *Moreau v. State*, 588 P.2d 275 (Alaska 1978).

In *Moreau*, the supreme court held that claims of unlawful search or seizure normally can not be raised for the first time on appeal (*i.e.*, can not be raised if the claim was not presented to the trial court). 588 P.2d at 280. As the supreme court explained,

> The exclusionary rule is not the type of doctrine designed to protect against conviction of the innocent. Rather, it is a prophylactic device to curb improper police conduct and to protect the integrity of the judicial process. Thus, justice does not generally require that [the exclusionary rule] be applied on appeal where [the claim of unlawful search or seizure was] not urged at trial[,] or where new grounds for its invocation are presented on appeal.

*Ibid.*

As this Court explained in *Selig v. State*, the rationale of *Moreau* is that, even if evidence is obtained in violation of the constitutional limitations on searches and seizures, the evidence remains reliable. Thus, Fourth Amendment errors do not affect the fundamental fairness of the fact-finding process. *Selig*, 286 P.3d 767, 770 (Alaska App. 2012).

Because *Moreau* holds that violations of the Fourth Amendment do not diminish the fundamental fairness of the trial, and that violations of the Fourth Amendment normally can not be raised for the first time on appeal, we would violate the underlying rationale of *Moreau* if we were to hold that these same Fourth Amendment

violations rendered a criminal judgement "void" (with the result that it could be collaterally attacked without limitation).

As we explained earlier in this opinion, this Court has already held that the officers' warrantless entry into the residence was lawful under the emergency aid doctrine. But even if that were not the case — *i.e.*, even if the officers entered the residence unlawfully, and even if Olson's ensuing arrest was unlawful, and even if evidence stemming from that unlawful arrest was introduced at Olson's trial — the judgement entered against Olson would not be "void" for purposes of habeas corpus law. Olson is therefore not entitled to litigate his unlawful arrest claim in a petition for writ of habeas corpus.

The superior court's order dismissing Olson's petition for writ of habeas corpus is AFFIRMED.